# Mayor and Aldermen of West End v. Simmons.

## Violating City Ordinance.

(Decided Feb. 13, 1910.   51 South. 638 )

1. *Statute; Enactment; Presumption.*—The presumption is indulged that an act as enrolled and signed by the governor is the act as passed by the legislature unless there is a showing to the contrary.

2. *Statute; Enrollment; Omissions.*—Where the enrolled copy of an act submitted to and signed by the governor omitted several material sections put into the bill by amendment, the Act did not become a law.

3. *Same; Journals; Amendment.*—The legislature has inherent power during the session to amend the journals so as to make them speak the truth and the recitals of the journals will be taken as true when consistent with each other.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

J. C. Simmons is prosecuted for violating a license tax ordinance of the city of West End, and on conviction appealed to the circuit court. The court held the act on which the ordinance was based to be void and the city appeals. Affirmed.

C. B. POWELL, for appellant.—The plea shows the compliance with all the statutory requirements and the attempt to amend the record or journal was abortive in that the joint resolution to that end was not passed by the necessary constitutional steps.—Sec. 66, Const. 1901.

FRED S. FERGUSON, for appellee.—Counsel insists that the acts omitted several material amendments, and as signed by the governor was not the act passed, and

hence, did not become a law.  It was not essential that the joint resolution amending the journals should have been signed by the officers of both houses.—*Mont. Bottling Wks. v. Gaston,* 126 Ala. 425.

SAYRE, J.—On September 29, 1903, the Governor signed what purported to be an enactment of the Legislature, entitled, "An act to alter and rearrange the boundaries of the city of West End, Jefferson county, Alabama," the effect of which was to bring certain territory within the limits of the city.  Thereafter the appellee did business as a dealer in coal in the added territory without having paid a license tax therefor as was required by an ordinance of the city.  Appellee being prosecuted therefor, the circuit court, on appeal, held the act to be void, because not passed in accordance with the Constitution.  By this appeal the city draws that ruling into question.

The act signed by the Governor contained three sections.  If there were nothing else to be looked to, the presumption would be conclusive that the act as enrolled and signed by the Governor is the act passed by the Legislature.  But an inspection of the journals of the two houses reveals the fact that they never intended to, nor did in fact, vote for the enactment of the bill as approved by the Governor, but that by some inadvertence the enrolled copy of the act which reached his hands was rendered defective by the omission of four sections which had been put into the bill by amendment.  The purpose and effect of the amendatory sections was to make the proposed addition of territory to the city dependent upon the approval of the people of the territory, to be expressed at an election for which provision was made.  This was an amendment of utmost materiality; and, if it were less palpably material, it would

[Mayor and Aldermen of West End v. Simmons.]

not become our office to speculate upon the degree of importance attached to it in the legislative mind. The fact adverted to appears in the following manner: On October 3, 1903, the House and Senate concurred in a resolution which recited the fact that sections 4, 5, 6, and 7 had been by inadvertence omitted from the bill, setting out the language of the omitted sections, and provided that "the said bill be enrolled and signed by the Speaker of the House and the President of the Senate and be sent to the Governor with this resolution." On the same day the Legislature adjourned sine die. The amended act was not signed by the Governor.

The Houses of the Legislature have inherent power and right during the session to amend their journals so as to make them speak the truth, and the recitals of the journals, being consistent with each other, must be taken as indubitably true. It thus appears that there is no act approved concurrently by Senate, House, and Governor, nor any act which having been concurrently approved by House and Senate, went to the Governor under conditions which permitted it to become law without the Governor's signature. The necessary consequence is that the act in question failed to become law.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.