## CHAPMAN v. RAILWAY FUEL CO.
### (6 Div. 817.)

(Supreme Court of Alabama.   Oct. 30, 1924.)

1. **Statutes** ⚌114(2)—**Workmen's Compensation Act not invalid as expressing more than one purpose in title.**

Workmen's Compensation Act is not invalid because more than one purpose is expressed in title, contrary to Const. 1901, § 45.

2. **Statutes** ⚌109—**Matters reasonably connected with general subject of act, and agencies carrying it out are properly incorporated therein, and germane to title.**

When there is fair expression of general subject of act in title, as required by Const. 1901, § 45, all matters reasonably connected

with it, and all proper agencies, instrumentalities, or measures, which will or may facilitate its accomplishment, are proper to be incorporated therein, and are germane to title thereof.

**3. Statutes ⑤114(2)—Title of Workmen's Compensation Act held to include injuries resulting in death; "injuries received."**

In title of Workmen's Compensation Act, expression of subject of liability to make compensation for "injuries received," includes injuries resulting in death, and act is valid, under Const. 1901, § 45, requiring title of law to express subject thereof.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Injury Received.]

**4. Statutes ⑤114(2)—Denial of right of action, under other acts, germane to purpose expressed in title of Workmen's Compensation Act.**

Under Const. 1901, § 45, requiring law to contain but one subject, to be clearly expressed in title, denial of right of action under Code 1907, § 3912, and Code 1923, § 7600, where parties have been brought within Workmen's Compensation Act (Gen. Acts 1919, pp. 206–239), is germane to purpose expressed in title thereof.

**5. Death ⑤9 — Parent and child ⑤7(1) — Statutes held affected by Workmen's Compensation Act only as affecting cases between employer and employee.**

Code 1907, §§ 2484–2486, and Code 1923, §§ 5694–5696, relative to rights of action for injury or death, are affected by Workmen's Compensation Act, to extent only, if at all, they apply to cases arising between employer and employee.

**6. Constitutional law ⑤55—Master and servant ⑤347—Provision of Workmen's Compensation Act as to presumption of acceptance of terms held valid and not invasive of province of judiciary.**

Workmen's Compensation Act, § 11, relating to presumption of acceptance of terms of act, from failure to signify election not to be bound, is not invasive of province of judiciary, as giving evidence conclusive effect.

**7. Constitutional law ⑤55—Master and servant ⑤347—Workmen's Compensation Act not unconstitutional because abolishing rights and defenses of those not accepting.**

Workmen's Compensation Act, is not unconstitutional because abolishing rights and defenses of parties not accepting its provisions.

**8. Constitutional law ⑤105—No vested right in maintenance of common-law doctrines as to liability of employer and employee for accidental injuries.**

No one has any vested right under Constitution to maintenance of common-law doctrines in statutory provisions regulating relations between employer and employee, in respect of rights and liabilities growing out of accidental injuries.

**9. Master and servant ⑤366—Workmen's Compensation Act as to minors construed.**

Provisions of Workmen's Compensation Act, that its provisions shall apply to minors employed legally or contrary to laws regulating their employment, means only that minor is entitled to benefit of act as employee, even if contract under which he works is illegal and void.

**10. Statutes ⑤114(7)—Workmen's Compensation Act not invalid, even if it destroys other labor laws.**

Even if Workmen's Compensation Act destroys Child Labor Law (as amended by Laws 1919, p. 867), and act to regulate mining of coal (April 18, 1911), in so far as they regulate relations between employer and employee, it is not void, in view of fact that its title was broad enough to cover entire subject of legal relations between employer and employee.

**11. Constitutional law ⑤89(1)—Master and servant ⑤347—Workmen's Compensation Act held not invalid as violating right to contract.**

Provisions of Workmen's Compensation Act, regulating payment of compensation thereunder to attorneys, fixing compensation, limiting amount to be recovered for medical attention in certain cases, and denying compensation for two weeks immediately after injury, do not violate free right to contract, and, if not within police power, are justifiable as part of express or implied agreement between parties to abide by provisions of act.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action for damages for wrongful death by Isaac Chapman, as administrator of the estate of Robert F. Chapman, deceased, against the Railway Fuel Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Joel B. Brown, of Cullman, for appellant.

The Compensation Act violates section 45 of the Constitution, providing that each law shall contain but one subject, which shall be clearly expressed in its title. State ex rel. Troy v. Smith, 187 Ala. 411, 65 So. 942; Lindsay v. U. S. S. & L. Co., 120 Ala. 173, 24 So. 171, 42 L. R. A. 783; Pillans v. Hancock, 203 Ala. 570, 84 So. 757; 25 R. C. L. 86; Mobile Dry Docks Co. v. Mobile, 146 Ala. 198, 40 So. 205, 3 L. R. A. (N. S.) 822, 9 Ann. Cas. 1229; Yerby v. Cochrane, 101 Ala. 541, 14 So. 355; State v. Davis, 130 Ala. 150, 30 So. 344, 89 Am. St. Rep. 23; State ex rel. v. Mims, 197 Ala. 356, 72 So. 540; Thompson v. Luverne, 125 Ala. 366, 29 So. 326; Board of Rev. v. Kayser, 205 Ala. 289, 88 So. 19; Basset v. Nelson, 210 Ala. 663, 98 So. 715. The Legislature may not prescribe what shall be conclusive evidence. State v. Thomas, 144 Ala. 80, 40 So. 271; State v. Beach, 147 Ind. 74, 43 N. E. 949, 46 N. E. 145, 36 L. R. A. 179; Bailey v. State, 219 U. S. 219, 31 S. Ct. 145, 55 L. Ed. 191. The act is in violation of section 13 of the Constitution. State v. Bush, 12 Ala. App. 311, 68 So. 492; Ex parte MacDonald, 76 Ala.

⑤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

603; Zeigler v. S. & N. A., 58 Ala. 594; Mead v. Larkin, 66 Ala. 87.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Appellant sued in the right of his intestate as an employee of defendant, alleging that defendant had negligently failed to provide intestate with a reasonably safe place in which to perform the duties of his employment, and in another count alleging that defendant employer had negligently failed to comply with the statute (General Acts 1911, pp. 515, 516, § 40), requiring operators of coal mines to provide and maintain ample means of ventilation. Demurrer was sustained to the complaint on the ground that it showed plaintiff's intestate to have been an employee engaged at the time of the accident causing his death in the business about which he was employed, and so that his exclusive recourse for relief was under the Workmen's Compensation Law (General Acts 1919, pp. 206–239), as there provided. Appellant alleges that the act is unconstitutional and void on a quarter of an hundred different grounds. We shall consider only those which appear to be seriously pressed in argument.

[1, 2] It is said that the act violates section 45 of the Constitution, providing that "each law shall contain but one subject, which shall be clearly expressed in its title." The act is entitled:

"An act prescribing the liability of an employer to make compensation by way of damages for injuries received by an employee occasioned by an accident arising out of and in the course of his employment and providing for the enforcement of same, modifying common law and statutory remedies, in such cases; establishing an alternative elective schedule of compensation, regulating procedure for the determination of liability and compensation thereunder in certain cases, and prescribing penalties for the violation thereof; and providing for attorneys' fees and for medical and surgical services."

The most general and all-sufficient title is found in this language:

"Prescribing the liability of an employer to make compensation by way of damages for injuries received by an employee occasioned by an accident arising out of and in the course of his employment and providing for the enforcement of same."

The rest of the title, cataloguing some germane provisions of the act, added nothing, nor did it detract from that unity of title which is an indispensable element of legislative acts, under section 45 of the Constitution, for, when there is a fair expression of the general subject of the act in its title, "all matters reasonably connected with it, and all proper agencies or instrumentalities, or measures, which will or may facilitate its accomplishment, are proper to be incorporated in the act, and, as usually said, are cognate or germane to the title." Lindsay v. U. S. Savings, etc., 120 Ala. 172, 173, 24 So. 176, 42 L. R. A. 783.

[3-5] We attach no serious importance to the insistence that the phrase "injuries received" in the title does not suggest that the act intends to deal with the subject of injuries resulting in death. It is obvious that an injury resulting in death is an "injury received." True, the headline of section 5 reads, "Death and Personal Injury Claims," and so may seem to indicate a discrimination between the two classes of injury, and for some purposes, of course, they are to be discriminated; but when it comes to a question in respect of the validity of the act as affected by section 45 of the Constitution, the word "injuries" in the title must be given the broadest meaning of which it is fairly capable, and so construed it includes injuries resulting in death. Furthermore, the general frame of the title suggests the legislative purpose to pass a comprehensive enactment covering the whole subject of the employer's liability to his employee on account of accident arising out of the employment, and to this general subject the denial of the right of action under section 3912 of the Code of 1907, section 7600 of the Code of 1923, where the parties have been brought within the field of operation covered by the Workmen's Compensation Act, is manifestly germane and cognate. As for sections 2484–2486 of the Code of 1907 (sections 5694–5696, of the Code of 1923), they are affected by the Compensation Act to the extent only, if at all, they apply to cases arising between employer and employee.

[6] Referring to section 11 of the act, wherein it is provided that the acceptance of the provisions of the act is conclusively presumed unless the employer or employee, 30 days prior to the accident, shall have signified an election not to accept or be bound, appellant denies such provisions to be within legislative competency, and cites cases in which it has been held that, while the Legislature has the power to give greater effect to evidence than it possesses at common law, and in both civil and criminal causes may declare the prima facie effect of evidence, it canot prescribe a rule of conclusive effect, since that is a function peculiar to the judiciary. But the question raised as to the meaning and effect of the act in the particular referred to is not a question of evidence in the ordinary sense or of the effect to be assigned to it. The purpose of the act is to provide, in lieu of the rights and remedies theretofore existing in favor of employees, an alternative elective schedule of compensation—elective because the parties concerned may accept or reject its provisions. The statute does not purport to

make conclusive evidence of an election an act of the parties which, in the absence of the particular provision of the statute, would have been inclusive. Its provision, in order to make the law effective according to the legislative purpose to provide an alternative or elective system, is that the parties, acting for themselves as free agents. must furnish evidence of their election by giving, or failing to give, the stipulated notice, written or printed, and that such evidence must be conclusive. In this we see nothing to indicate a legislative purpose to intrude upon a field set apart to the judiciary, nor any such effect, intended or unintended.

[7, 8] In the next place it is said that the body of the act fails to provide an elective system for that it undertakes to control the rights of employer and employee, even though both elect not to come under its provisions, in the one case by abolishing defenses, in the other by remitting the employee to his common-law rights and remedies. But no one has any vested right under the Constitution to the maintenance of common-law doctrines in statutory provisions regulating the relations between employer and employee in respect of rights and liabilities growing out of accidental injuries. Jensen v. Southern Pacific Co., 215 N. Y. 514. 109 N. E. 600, L. R. A. 1916A, 403, Ann. Cas. 1916B, 276; Mondou v. N. Y., etc., R. R., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Jeffrey Mfg. Co. v. Blagg, 235 U. S. 571, 35 S. Ct. 167, 59 L. Ed. 364, is authority for the proposition that an act abolishing rights and defenses, the parties being free to accept or reject, violates no constitutional rights. All such attacks upon laws of this character have failed of their purposes. 1 Honnold, Work. Comp. § 18.

[9, 10] Another alleged vice of the act is that it destroys the Child Labor Law, and. commercializes child labor—this, because it provides that:

"The provisions of this act shall apply to employees who are minors who have been employed in accordance with the law or [and this the brief emphasizes] contrary to laws regulating the employment of minors."

This we construe to mean only that a minor is entitled to the benefit of the act as an employee, even though the contract under which he works is contrary to law and therefore void. And, should it be conceded that this act destroys the Child Labor Law (Acts 1909, p. 158, as amended by Acts 1919, p. 867), and the act to regulate the mining of coal in Alabama (April 18, 1911), as appellant insists, in so far as those laws regulate the relations between employer and employee, this would be no cause of unconstitutionality, for, as we have already shown, the title of the act is broad enough to cover the entire subject of the legal relations between employer and employee.

[11] Nor do we find reason to declare the act violative of the free right to contract, in that it provides that no part of the compensation payable thereunder shall be paid to attorneys except with the approval of the court; or because it arbitrarily fixes compensation without regard to the extent of the injury suffered by the employee; or because it limits the amount to be recovered for medical attention; or because it denies remedy or compensation for two weeks immediately next after the injury, which it does not do except in cases in which disability lasts for less than four weeks—all of which propositions are asserted rather than argued in the brief. The following considerations justifying acts of this character under the police power were stated in the Jensen Case, supra (we quote the headnote):

"It protects both employer and employee, the former from wasteful suits and extravagant verdicts, the latter from the expense, uncertainties, and delays of litigation in all cases, and from the certainty of defeat if unable to establish a case of actionable negligence."

And if the police power be not sufficient to account satisfactorily for all these stipulations of the act, they may be justified on the ground that they become part and parcel of the express or implied agreement between the parties to abide by the provisions of the act made for the benefit, in the long run, of both employer and employee. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.