348 So.2d 1349 (1977)
Robert CHILDERS et al.
v.
Joe COUEY.
SC 1986.
Supreme Court of Alabama.
May 6, 1977.
Rehearing Denied August 12, 1977.
*1350 John S. Key of Eyster, Eyster & Key, Norman W. Harris of Harris, Harris, Shinn & Harris, Decatur, for appellants.
James D. Whitmire of Lentz & Nelson, Decatur, for appellee.
EMBRY, Justice.
At issue in this case is the constitutionality of a 1973 Amendment of Tit. 26, § 312, Code of Ala. (Liability of party other than employer, etc.). This is an appeal by permission pursuant to Rule 5, ARAP.
Joe Couey, plaintiff below, seeks to maintain a third party action in tort against Robert Childers, a co-employee, and four individuals who are supervisory personnel of Couey's employer.
Plaintiff is a lineman employed by the City of Decatur and the Municipal Utilities Board of Decatur, Morgan County, Alabama.
The suit arises out of an accident which occurred while plaintiff was working atop a pole supporting electrical wires, and in which plaintiff allegedly received severe electrical shock causing him to fall to the ground sustaining serious injuries and permanent total disability.
Defendants are Robert Childers, lineman and co-employee of plaintiff, James Coulter, Richard Watkins, Frank Chenault, Jr., and Mason Pearce, supervisor, manager, assistant manager and superintendent, respectively, for the Electric Department of the Municipal Utilities Board.
Plaintiff alleges each defendant was negligent in the performance of his duties and that as a proximate consequence of that negligence, plaintiff was injured. Also named as defendants were the City of Decatur, and its Municipal Utilities Board, which were granted summary judgment, The Hartford Insurance Company and The Hartford Accident and Indemnity Company who provide Workmen's compensation coverage for the Utilities Board, none of whom are parties to this appeal. Plaintiff seeks $1,500,000 in damages.
The five individual defendants named above filed motion for summary judgment, with supporting affidavits, on the following grounds: that the City of Decatur, and its Municipal Utilities Board, are subject to the Workmen's Compensation Laws of Alabama; that plaintiff had received $26,975.48 in compensation and medical benefits from the Workmen's compensation insurance carrier for the City of Decatur; that at the time of the accident defendants and plaintiff were employed by the Municipal Utilities Board of Decatur; that the basis of plaintiff's action arose out of and in the course of his employment and that by reason of Tit. 26, § 312, Code of Ala., the defendants are not third-party tort feasors against whom a suit can be maintained. The motion was accompanied by affidavits of officials of the City of Decatur showing the City had elected to be, and was, bound by the Workmen's Compensation Laws of Alabama, that plaintiff had notice of this prior to his accident, and that plaintiff had Workmen's compensation payments as a result of the injuries made the basis of the action.
In opposition to the motion, plaintiff filed affidavits of former State Senator William Melton and John Pemberton, Clerk of the Alabama House of Representatives. Both affidavits concern an Amendment to Tit. 26, § 312, Code, which, because it contains an alleged clerical error, failed to achieve its alleged purpose: deleting that portion of § 312 which prohibits third-party actions against co-employees and others. Plaintiff also filed what purports to be a certified copy of original House Bill 1273, and a certificate of Mabel S. Amos, former Secretary of State, containing a copy of House Bill 1273 as adopted by the 1973 Alabama Legislature as Act No. 1062.
Defendants moved to strike plaintiff's affidavits and certificates on the grounds that such materials sought to contradict and impeach the validity of Tit. 26, § 312, Code, *1351 and in that regard were not proper for consideration by the court. Defendants also moved for summary judgment. The court granted the motion to strike, but denied the motion for summary judgment. The court entered an order in compliance with Rule 5, ARCP, and defendants appeal the denial of the motion for summary judgment.
The key issue here is whether defendants are entitled to summary judgment in a third-party tort action in view of Tit. 26, § 312, Code of Ala. (1975 Supp.). The resolution of the issue requires answers to several questions concerning the validity of a portion of that statute. We find that defendants are entitled to summary judgment and therefore reverse the trial court below.
The latest promulgation of Tit. 26, § 312, Code of Ala., appears in the 1975 Interim Supplement. As approved November 13, 1975, the pertinent portion reads:
"§ 312. (7587) Liability of party other than employer and procedure governing; liability of employer for attorney's fees in settlement.  Where the injury or death for which compensation is payable under article 2 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer whether or not such party be subject to the provisions of article 2 of this chapter the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter, and at the same time may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to article 2 of this chapter; provided, however, neither an officer, director, agent, servant or employee of the same employer nor his personal representative, nor any workmen's compensation insurance carrier of the employer, nor any officer, director, agent, servant or employee of such carrier, nor any labor union, or an official or representative thereof, making a safety inspection for the benefit of the employer or its employees, shall be considered a party other than the employer against whom such an action may be brought. * * * " (emphasis ours)
The language emphasized above was placed in the statute by a 1973 Amendment. Prior to that time it was possible to maintain a third-party tort action against co-employees. United States Fire Insurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970). It is this language, precluding the maintenance of a civil action by an employee for damages from an injury occurring in his employment against another employee of the same employer, which plaintiff-appellee contends is invalid. Plaintiff bases this contention on the allegation that there is a material variance between the enrolled bill (Act No. 1062, Approved Sept. 17, 1973) signed by the Governor, and the bill which actually passed the 1973 Legislature.
The amendment on which plaintiff's contentions are based, as deleting the pertinent portion of § 312, reads:
"Delete § 27 amending § 36 of Title 26 as it appears on page 29 and renumber remaining sections." (emphasis ours)
The use of § 36 in the Amendment was a mistake, says plaintiff, the section cited should have been § 312. He urges the Court to look at page 29 of the original bill, to which the Amendment refers, and there it will be discovered there is no § 36 on page 29, but there is § 312. Plaintiff says that if we simply delete the words "amending § 36" from the Amendment, we can see that the true intent of the Amendment was to delete that portion of the statute prohibiting suits against co-employees. Thus corrected, the Amendment will achieve its "true purpose," which it did not achieve when actually passed by the Legislature.
An Act of the Legislature as enrolled and approved by the Governor is valid unless it varies in a material respect from the bill passed by the Legislature. King Lumber Co. v. Crow, 155 Ala. 504, 46 So. 646 (1908); Moog v. Randolph, 77 Ala. 597 (1884).
*1352 In determining whether there is a material variance between a bill actually passed by the Legislature and the enrolled bill signed by the Governor the only competent evidence which can be considered by this Court is the enrolled bill and the Journals of the House and Senate. It must affirmatively appear from an inspection of these two sources that the bill signed and approved by the Governor, and enrolled, materially varies from the bill passed by the Legislature. Robertson v. State, 130 Ala. 164, 30 So. 494 (1901); Ex parte Howard-Harrison Iron Co., 119 Ala. 484, 24 So. 516 (1898).
Through the cooperative efforts of the Department of Archives and History of Alabama we were able to examine the enrolled bill (Act No. 1062) and the bill as it appears in the Journals of the House and Senate. We must note here that at no place in either the House Journal or the Senate Journal is the entire bill (House Bill 1273-Act No. 1062) spread on the Journals. All reference to the bill is in its title and the Amendments offered to it. It does appear from the Senate and House Journals that several Amendments to the Workmen's Compensation Laws were adopted. We do find in that part of the Melton Amendment, here under discussion, the language pointed out by plaintiff: "Delete Section 27 amending Section 36 of Title 26 as it appears on page 29 and renumber the remaining sections." (emphasis ours) At no place do we find reference to an Amendment to § 312, nor instructions to delete all or a portion of § 312 from the bill. The Journals completely fail to show that § 312 should not have been in the enrolled bill as passed by the Legislature and signed by the Governor. Thus § 312, as it appears in the 1975 Supplement to the Code, became law upon its approval by the Governor. § 125, Constitution of 1901. Therefore, it does not affirmatively appear that the bill signed by the presiding officers of the Legislature and approved by the Governor is materially variant from the bill passed by the Legislature. In the absence of a material variance we cannot hold the statute, or any portion of it, constitutionally invalid.
Assuming without deciding, that a clerical error in the Melton Amendment did occur, we would be forced to look beyond the enrolled bill and the Journals of the Legislature in order to establish the existence of an ambiguity which would require a construction of the statute. We cannot engage in such collateral attack. It is not the province of this Court to correct, edit, or otherwise amend the Legislative Journals. It is the inherent right and power of the Legislature to amend its Journals so as to make them reflect the true meaning and purpose of legislation. Mayor and Alderman of West End v. Simmons, 165 Ala. 359, 51 So. 638 (1910).
This case comes to us on appeal from denial of defendants' motion for summary judgment. We have reviewed the pleadings, the motion for summary judgment and supporting affidavits. From these it is established that plaintiff and defendants are employed by the Municipal Utilities Board, an agency of the City of Decatur; that the Board and City are subject to the Workmen's Compensation Laws of Alabama; that plaintiff's injuries resulted from an accident which arose out of and in the course of his employment, and that by virtue of Tit. 26, § 312, Code, co-employees are not third-party tortfeasors against whom an action such as this can be brought.
Plaintiff attacks the statute but has not successfully carried the burden of proving its invalidity. The evidence thus established, there is no genuine issue as to any material fact. Defendants are entitled to summary judgment. The order of the trial court is due to be and is hereby reversed.
REVERSED AND RENDERED.
TORBERT, C. J., and BLOODWORTH and FAULKNER, JJ., concur.
ALMON, J., concurs in result.
JONES, J., dissents with opinion.
SHORES, J., dissents with opinion in which MADDOX, J., joins.
BEATTY, J., dissents with opinion.
*1353 JONES, Justice (dissenting):
I concur with the dissenting opinion filed by Justice Shores and, in addition thereto, I respectfully add the following comments:
As long as an appellate court follows precedent, or departs from precedent for good cause stated, it is pursuing its proper function. When it does neither, the propriety of its action is called into question. In the face of clear and unequivocal authority to treat as corrected self-correcting legislative clerical or typographical error  as pointed in Justice Shores' dissent  the majority opinion either overrules well-established case law without stating reasons therefor or simply ignores that such precedent exists. When, as here, the majority holds contrary to clear and applicable precedent without expressly overruling that precedent or without acknowledging its existence and application, I am constrained and duty bound to speak out, respectfully but strongly, against such holding.
In the context of this case, if "Section 36" is not self-correcting to read "Section 312", the rule of Bracken and Harper (cited in Justice Shores' dissent) can never be given a field of operation. Not only does the sentence in the Melton Amendment, which mistakenly identifies Section 36, contain the page number of the referenced bill (page 29), it also specifies "Section 27" of H.B. 1273. The only "Section 27" of the original amendment, which appears on "page 29" of H.B. 1273, amends Section 312 of Title 26. The average man on the street could hardly be left in doubt about the correct section here intended. There is no "Section 36" on "page 29". There is no "Section 27" to H.B. 1273 which purports to amend "Section 36 of Title 26". All of H.B. 1273 contained amendments to the Workmen's Compensation Act (Title 26, beginning with § 253), while Section 36 of Title 26 relates to an entirely different subject matter (coal mining inspection reports) a subject not covered by H.B. 1273.
If this were not enough, the whole of the Melton Amendment renders inescapable the conclusion that the intended reference was to Section 312. The other two portions of the Melton Amendment complement the intended amendment to Section 312 by conforming the definitions section (Section 262) and the immunity section (Section 272) so as to make all sections of the comp act consistently exclude fellow employees as embraced in the third-party provisions of Section 312. Given the first two portions of the Melton Amendment that did pass, all doubt is removed concerning the mistaken reference to Section 36. H.B. 1273 amended Sections 262, 272, and 312 to include fellow employees within the definition of "employer" and make them equally immune to suit. The Melton Amendment restored the original language to the first two sections and the third portion of the Amendment could only have intended to restore the original language to Section 312.
The majority opinion fails to address the anomaly brought about by the Act as signed by the Governor. The Act, to be complete, requires consistency of language in all three sections. This was accomplished by H.B. 1273 which, in all its pertinent sections, prohibited suits against fellow employees as third parties, and the Melton Amendment accomplished this consistency by permitting, in all its pertinent sections (all of which was passed by both houses), third-party suits against fellow employees. The Act as signed did neither. It contained the Melton Amendment to Sections 262 and 272 and the original H.B. 1273 Amendment to Section 312. In this hybrid posture, aside from the issue of self-correcting error, are fellow employees suitable as third parties? At any rate, whatever the answer to this question, it is apparent that the clerical error in the use of "Section 36" is self correcting to read "Section 312".
The result obtained by the majority opinion is of relative unimportance. Indeed, the 1973 amendment, as it relates to third-party practice had a duration of only two years. The legal principle on which this result is founded is tremendously important. Either we recognize, as part of the jurisprudence of this State, a self-correcting of clerical and typographical errors rule ("patent mistake" rule) or we do not. Bracken (1908) *1354 and Harper (1895) are old cases, but they should not be casually overruled or lightly ignored.
To be sure, the reason for the rule is dramatized in the case at bar. Government, in its three separate and equal branches and in all its aspects, does not operate in a vacuum or through some mystic or mechanical device. It is run by human beings erroring and fallible. Indeed, human error within the judicial branch is not altogether unheard of, and it is here that the self-correcting error rule is most frequently applied. Even "Homer himself hath been observed to nod."
The legislative process is tedious and complex. Simplistic answers are rarely readily available to complicated problems. Preciseness and clarity of language, when applied to various and many times unforeseeable situations, are likened unto the illusive butterfly. The task of interpretation and search for legislative intent is one of the essential roles of the judiciary. It is in the exercise of this role of accommodation to the other two branches of government that the judiciary finds its highest expression and exemplifies its finest hour.
Where human error in the legislative process is manifest and patent and intent is clear, it is our duty to give effect to that intent (unless, of course, such intent is constitutionally proscribed.) Otherwise, the judicial and legislative branches of government set themselves one against the other and the function of government is thwarted. A republic works only because its people want it to, not because the seeds of success are inherent in its mere political design. It should be apparent to any student of legal history that it is out of these considerations that the "patent mistake" rule of Bracken and Harper evolved and pertains in this jurisdiction, and any opinion of this Court which undermines this rule serves only to weaken our institutions of government. On well-established and sound legal precedent, this case is due to be reversed and remanded for trial.
SHORES, Justice (dissenting):
I agree with the majority that all we can look to for a determination of whether an act signed by the Governor materially differs from the bill actually passed by the legislature are the Journals of the House and Senate and the enrolled bill. The Journals of both houses indicate that the Melton Amendment to H.B. 1273 did pass both the Senate and the House. The enrolled bill contains every provision of the Melton Amendment except one. The Senate Journal, however, from whence the amendment emanated, reflects that every provision of the Melton Amendment passed. Under these circumstances, the Journal must prevail.
In Bachelor v. State, 216 Ala. 356, 362, 113 So. 67, 72 (1927), the following appears:
"The rule prevailing in this jurisdiction is that every enrolled act, regular on its face and found in the custody of the Secretary of State, authenticated by the signature of the President of the Senate and the Speaker of the House as prescribed by the Constitution, is prima facie evidence that it was constitutionally enacted, and this presumption can only be overcome by the contrary being affirmatively made to appear by the legislative journals. . . ."
The journals unequivocally and affirmatively show that every provision of the Melton Amendment passed in both houses. The amendment offered by Senator Melton to H.B. 1273 was as follows, as shown by Senate Journal 1973, at pages 3301 and 3302:

SENATE JOURNAL, SPECIAL SESSION AND REGULAR SESSION, 1973, VOL. 3
"Mr. Melton then offered the following amendment to the Bill, H.B. 1273, as amended, to-wit:
"AMENDMENT TO H. B. 1273, AS AMENDED:
"In the title, delete the following Sections 272; 262 of Title 26, Section 36 of Title 26, Section 7 of Act 180, 1951 Regular Session, Section 6, Act 521, 1967 Regular Session, Section 6, Act 668, 1971, Regular Session.

*1355 "Also strike out beginning on line 24 the following `providing immunity under certain circumstances from suits to co-employees to workmen's compensation insurance carriers of employers, and to persons or companies making certain safety inspections'.
"In Section 4, Subsection (d) of Section 262 of Title 26 delete the following beginning on line seven of said subsection (d) `such insurer being entitled to the employer's rights, immunities and remedies under this chapter'.
"Delete Section 9 amending Section 272 of Title 26 as it appears on page 4 and renumber the remaining sections.
"Delete Section 27 amending Section 36 of Title 26 as it appears on page 29 and renumber the remaining sections.
"Delete Section 31 amending Section 7 of Act 180, 1951 Regular Session as it appears on page 32 and renumber the remaining sections.
"Delete Section 37 amending Section 6, Act 521, 1967 Regular Session as it appears on page 34 and renumber the remaining sections.
"Delete Section 43 amending Section 6, Act 668, 1971 Regular Section as it appears on page[s] 36 and 37 and renumber the remaining sections."
All provisions of the Melton Amendment were incorporated into the act as enrolled except that one which reads: "Delete Section 27 amending Section 36 of Title 26 as it appears on page 29 and renumber the remaining sections."
The reference to various sections contained throughout the Melton Amendment were references to particular sections of H.B. 1273. The reference to 27 was a reference to that section of H.B. 1273 as it appeared on page 29 of that bill. H.B. 1273 was a comprehensive amendment to the Workmen's Compensation Act. Every provision of the amendment offered by Senator Melton and adopted by both houses was designed to delete from that bill any provision which would immunize certain third parties from common law liabilities for torts by equating such persons to "employer" as defined in the Workmen's Compensation Act. By the amendment, both houses deleted from the act a provision "`providing immunity under certain circumstances from suits to co-employees, to workmen's compensation insurance carriers of employers, and to persons or companies making certain safety inspections'." Section 4(d) was amended to delete the following language: "`such insurer being entitled to the employer's rights, immunities and remedies under this chapter'." Section 9 of H.B. 1273, before its deletion, amended § 272 of Title 26 which would have excluded other remedies against any employee and "any employer's workmen's compensation insurance carrier . . . any person or company making any safety inspections for the benefit of the employer or his employees. . . any officer, director, agent, servant, or employee of such employer . . ."
Each of the provisions of the amendment passed by the legislature was designed to delete from H.B. 1273 any provision which would extend immunity to third parties beyond that which existed by law at the time H.B. 1273 was being considered.
Each of the provisions of this amendment deleting certain portions of H.B. 1273 was followed in the act which was signed by the Governor except the provision referring to Section 27 of H.B. 1273 set out above. However, that provision also passed both houses of the legislature, as shown by the Senate Journal, in compliance with Section 64 of the Constitution of 1901. This creates a material variance between the bill as passed by the legislature and that signed by the Governor. The majority say that this fact does not appear in the journals of the legislature, because the reference is to Title 26, § 36. I disagree. The reference is clearly to Section 27 of H.B. 1273 as it appears on page 29 of that bill. The clerical error in referring to § 36 of Title 26 is self-correcting.
It is this court's function to give effect to the intent of the legislature, and, to do that, it is necessary to look to the whole act.

*1356 ". . . A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. . . ." Sands, Sutherland Statutory Construction, Vol. 2A, Section 46.05 (4th ed. 1973).
In State v. Bracken, 154 Ala. 151, 154, 45 So. 841, 842 (1908), this court said:
". . . It is true that apparent mistakes will be considered as corrected, where the other provisions of the act or the journals of the Legislature furnish the means of correcting the same, so that the intention of the Legislature is clearly manifest. . . ."
In Harper v. State, 109 Ala. 28,19 So. 857 (1895), this court was called upon to pass upon the constitutionality of an act passed in 1895 which purported to amend an act approved in 1891. The title to the 1895 act read:
"`To amend an act for the trial of misdemeanors in Shelby County, approved February 12th, 1891.' The first section [of the act read:] `That an act entitled an act to regulate the trial of misdemeanors in Shelby county, approved February 21st 1893, be amended so as to read as follows,'" (Emphasis Supplied) (109 Ala. at 31, 19 So. at 858.)
There, the court found that it was the intention of the legislature to amend the 1891 law, and upheld the 1895 act notwithstanding the mistake in referring to the wrong act in the body of the bill. The court said:
". . . Here is an obvious, patent mistake, in the title or in the body of the act. It is well settled that legislative enactments are not, any more than any other writings, to be defeated on account of mistakes, errors or ommissions [sic], provided the intention of the legislature can be collected from the whole statute.. . ." (109 Ala. at 31, 19 So. at 858.)
Such, I believe, is the case here. I agree that we are limited to what appears in the journals of the legislature and the enrolled act to determine the legislative intent. However, from those sources, it is quite clear that the legislature intended to delete from H.B. 1273, Section 27, which, as it appeared in H.B. 1273, would have amended § 312 of Title 26. The fact that the amendment offered to H.B. 1273 incorrectly referred to § 36 of Title 26 should not be allowed to defeat what the legislature clearly intended to accomplish. In Crawford, The Construction of Statutes, Section 201 (1940), the following appears:
". . . [I]f the true meaning of the legislature appears from the entire enactment, errors, mistakes, omissions and misprints may be corrected by the court, so that the legislative will may not be defeated. As a result, spelling, grammar, numbers, and even words, may be corrected. This, as already stated, is simply making the strict letter of a statute yield to the obvious intent of the legislators.. . ."
Also:
"An obvious clerical error can be corrected by construction, as e. g., the reference to a wrong date or to a wrong chapter or section number of a statute when the intended reference is clear.. . ." 65 Pa.L.Rev. 207, 219 (1917).
I think these rules are controlling here. I think the legislature intended to, and did, delete from H.B. 1273 Section 27 of that bill which bill, as originally authored, would have amended § 312 of Title 26. The net effect of this action would have left § 312 of Title 26 unaltered by H.B. 1273. Because the act signed by the Governor materially differs from the bill passed by the legislature, Section 26 of Act No. 1062, amending § 312 of Title 26, approved September 17, 1973 (which H.B. 1273 became), is void.
In taking this position, I am mindful of the general rule that ". . . [W]here the Governor approves a bill, and the bill as approved materially varies in substance and legal effect from the bill as passed by the General Assembly, `then there exists such a want of legal and actual identity between *1357 the bill passed and the one approved, that neither of them acquires the force of a valid and constitutional enactment.' . . ." Stein v. Leeper, 78 Ala. 517, 521 (1885), citing Jones v. Hutchinson, 43 Ala. 721 (1868). However, it is equally well settled that:
". . . A statute may contain some such provisions, and yet the same act, having received the sanction of all branches of the legislature, and being in the form of law, may contain other useful and salutary provisions, not obnoxious to any just constitutional exception. It would be inconsistent with all just principles of constitutional law to adjudge these enactments void because they are associated in the same act, but not connected with or dependent on others which are unconstitutional. . . . If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. . ." Cooley's Constitutional Limitations 211, 212 (5th ed. 1883).
As noted earlier, H.B. 1273 was a comprehensive revision of the Workmen's Compensation Law. It contained many provisions unrelated to suits against third-party tort-feasors. As finally passed by both houses, the third-party immunity sought to be extended by the bill as first offered, was deleted by the Melton Amendment. The variance in the bill, as signed by the Governor and that passed by both houses of the legislature, is limited to one section of the bill relating to third-party suits. Provisions of the bill unrelated to third-party liability passed both houses and was signed by the Governor in the form passed by both houses. Those sections are, therefore, complete within themselves and capable of being executed, consistent with the legislative intent. They are unrelated to and unconnected with the third-party provisions. Therefore, they are not rendered constitutionally defective because of the variance in part of the third-party provisions, the subject of this lawsuit.
MADDOX, JONES and BEATTY, JJ., concur.
BEATTY, Justice (dissenting):
I join in Justice SHORES' dissent because I an convinced that the provision in question was a clerical error which may be adjudged corrected when we consider the manifested intent of the legislature as expressed otherwise in this legislation. I make no comment upon any other aspect of either the majority opinion, Justice SHORES' dissent, or Justice JONES' dissent.

ON REHEARING
The application raises nothing which was not exhaustively argued originally. However, brief amicus curiae was filed after grant of leave to do so. That brief raises the question of the constitutionality of Tit. 26, § 312, Code, when placed alongside Article 1, Section 10 of, and the Fourteenth Amendment to, the Constitution of the United States as well as Article 1, Sections 10 and 13 of the Constitution of Alabama.
A summary of the argument of these points is:
1. Section 312, Tit. 26, impairs the right of contract by destroying the right of election to come under the Workmen's Compensation Act.
2. Section 312, Tit. 26, deprives the workman of property without due process of law; the right to sue for injury.
3. Section 312, Tit. 26, bars the workman from prosecuting or defending before any tribunal of this State.
4. Section 312, Tit. 26, takes away the common law right of the workman to sue for injury without giving anything in return.
None of these arguments were made by the litigants in this case, either originally or on application for rehearing. We find no authority that permits an amicus to raise them for the first time, therefore, we cannot address these issues.
*1358 APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., BLOODWORTH and FAULKNER, JJ., concur.
ALMON, J., concurs in result.
MADDOX, JONES, SHORES and BEATTY, JJ., dissent.