SHORES, Justice.
Hutto, an employee of Tag Construction Company, Inc., was injured while working on a construction site where his employer was building a mill for Vanity Fair Mills. He received Workmen’s Compensation benefits from Tag Construction, but brought this action against William C. Bedsole, the job superintendent for Tag Construction at the time of the injury; Dale Blankenship, a vice-president of Tag Construction at the time of the injury; and R. L. Burt, foreman *418 for Tag Construction. He also sued Vanity Fair Mills, the owner of the premises upon which the building was being constructed, alleging that, as such owner, Vanity Fair “ . . . had the right to control the method and manner in which the work . was performed.” He alleged negligence on the part of all defendants.
At the end of the evidence, the trial court directed a verdict in favor of all defendants. The plaintiff appealed.
After the case was tried and the appeal was taken, this court held in Childers v. Couey, 348 So.2d 1349 (1977), that, under Title 26, § 312, Code, as amended, co-employees of the plaintiff, which all of the individual defendants are in this case, are not third party tort feasors against whom a suit may be maintained. Therefore, we must affirm the trial court in granting a motion for directed verdict against these defendants. Although the plaintiff argues that this issue was not raised by these defendants, we cannot agree. Each filed a motion to dismiss which is sufficient to raise the issue.
Vanity Fair, of course, is not protected from liability by virtue of the 1973 amendment to Title 26, § 312. It is, therefore, necessary to examine the record to determine whether a jury issue was made as to its liability.
The real property upon which the mill was being constructed was acquired by the Industrial Development Board of the City of Jackson and leased to Vanity Fair Mills. The Industrial Development Board agreed with Vanity Fair to construct the building in accordance with plans and specifications furnished by Vanity Fair.
Tag Construction was engaged to construct the building. This corporation was formed in 1972 and does construction work for Vanity Fair as well as for others. It, like Vanity Fair, is a wholly owned subsidiary of VF Corporation, a holding company.
Plaintiff contends that Vanity Fair “controlled” the work being done at the site where he was injured. However, there is nothing in the record to support this contention. The evidence does show that Mr. Blankenship was Vice-President and General Manager of Tag Construction Company, as well as Chief Operating Engineer for Vanity Fair. At the time of the injury complained of, he was being paid by Tag Construction Company and was, in that capacity, in charge of the project. There is also some evidence that when Tag Construction Company was formed in 1972, some of the employees of Vanity Fair became employees of the new corporation. The record is devoid, however, of any evidence that Vanity Fair controlled the affairs of Tag Construction Company, which was admittedly a separate entity. The plaintiff also asserts that when people were hired to work for Tag Construction Company, they were frequently interviewed in the offices of Vanity Fair in Monroeville. The offices of Tag Construction were located nearby; but, according to Mr. Blankenship, this was a mere matter of convenience. It was simply more convenient than doing the paper work at the job site. There is no question but that all employees, including Blankenship, were paid by Tag Construction Company.
At the time of the trial, Tag Construction Company was still engaged in the construction business and had some fifty employees. The plaintiff has simply failed to show by the evidence that Vanity Fair controlled the operations of Tag Construction Company, and has failed to produce any evidence that Vanity Fair controlled the project upon which he was working at the time of his injuries. The trial court, therefore, properly directed a verdict in its favor.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER and BEATTY, JJ., concur.