358 So.2d 1015 (1978)
O'Neil PIPKIN
v.
SOUTHERN ELECTRICAL AND PIPEFITTING COMPANY, INC., a corporation, et al.
77-164.
Supreme Court of Alabama.
May 5, 1978.
James A. Yance, of Cunningham, Bounds, Byrd, Yance & Crowder, Mobile, for appellant.
James J. Duffy, Jr., John N. Leach, Jr. and William C. Barclift, III, Mobile, for appellee, James Green.
William J. Donald, of Zeanah, Donald & Hust, Tuscaloosa, for amici curiae, Robert N. Stickney, James B. Rogers, Howard Tucker and Charles McPherson.
William T. Mills, II, of Dunn, Porterfield, Scholl & Clark, Birmingham, James B. Kierce, Jr., of Stone, Patton & Kierce, Bessemer, amicus curiae.
Fournier J. Gale, III, Birmingham, for amicus curiae, Associated Industries of Alabama.
EMBRY, Justice.
Appeal by O'Neil Pipkin from summary judgment in favor of defendant James Green. We reverse and remand.
Pipkin filed suit against Green seeking damages for injuries sustained by him in the line and scope of his employment at International Paper Company in Mobile, Alabama. Several parties were named as defendants in the complaint, including Green who, at the time, was an employee and Safety Director for International Paper Company. The complaint charged Green with negligently failing to discover alleged defects in the equipment involved in Pipkin's accident and negligently failing to correct the alleged defects. Green, thereafter, filed a motion for summary judgment in his favor. The trial court granted summary judgment in Green's favor, stating:
"* * * the Court finds that James Green was a co-employee of the Plaintiff as contemplated by the 1973 and 1975 Amendments to Tit. 26, § 312 of the Alabama Code and that under the provisions of said Code section, the Defendant, James Green, is immune from suit by the Plaintiff; * * *"
The dispositive question on this appeal is the constitutionality of the 1973 amendments to § 312, Tit. 26 (Alabama Workmen's *1016 Compensation Law), Code 1940 [Act No. 1062, § 26, p. 1771, Acts of Alabama, 1973] immunizing a co-employee from suit by an injured employee.
The part of the 1973 amendments to § 312, Tit. 26, here pertinent reads:
"Section 26. Section 312, Title 26, Code of Alabama 1940, as last amended, is hereby amended to read as follows:
"Section 312. Liability of party other than employer and procedure governing. Where the injury or death for which compensation is payable under article 2 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer whether or not such party be subject to the provisions of article 2 of this chapter the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter, and at the same time may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to article 2 of this chapter; provided, however, neither an officer, director, agent, servant or employee of the same employer or his personal representative, shall be considered a party other than the employer against whom such an action may be brought. * * *" (emphasis added)
On the authority of our decision in the consolidated cases of Grantham v. Denke (SC-2542); Coxson v. Denke (SC-2543) and Brannon v. Faulkner (SC-2544) [released simultaneously with this opinion] 359 So.2d 785, we hold the legislature's grant of immunity to a co-employee from suit by an injured employee, by the 1973 amendments to § 312, Tit. 26, unconstitutional; and accordingly reverse and remand the judgment of the trial court granting summary judgment in favor of Green.
Before concluding, we feel compelled to address Green's subtle contention that if the legislature had the power to repeal the election option under the Compensation Act and make the Act compulsory through the 1973 amendments, the legislature, likewise, had the power to immunize a co-employee from suit by an injured employee. Green submits the Act remained optional until it was amended in 1973, citing the following language from the title to the Act effecting the 1973 amendments to support his contention: " * * * providing compulsory coverage of subject employers and employees * * *." We disagree.
Initially, we must make clear that the 1973 amendments, as written, only repealed those sections of the Code pertaining to the election procedures governing whether or not the employer and employee would be bound by the provisions of the Act (§§ 274, 275, 276, Tit. 26, Code 1940). The repeal of these procedures in no way affected the elective option between employer and employee existing under the Act as heretofore defined. The constitutional validity of the Act rests upon the same being elective rather than compulsory. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803 (1921); Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879 (1924); Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937).
Finally, we cannot perceive the above quoted language from the 1973 amendment as being indicative of a legislative intent to make the Act compulsory. We must assume the legislature had a constitutionally valid purpose in mind when it enacted the 1973 amendments. This assumption is evidenced by the use of the prefatory word "subject" before the words employers and employees. That is indicative of reference to a prior election by employer and employee to be bound by the provisions of the Act. This view reconciles the 1973 amendments with the constitutional mandate that the Act be elective in nature; were it otherwise, the entire act would fall.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON and BEATTY, JJ., concur.
*1017 JONES and SHORES, JJ., concur in result.
TORBERT, C. J., and MADDOX, J., dissent.
SHORES, Justice (concurring in the result).
Because of the position stated in my dissenting opinion in Childers v. Couey, 348 So.2d 1349 (Ala.1977), I concur in the result only.
JONES, J., concurs.
MADDOX, Justice (dissenting).
Because of the position stated in my dissenting opinion in Gratham v. Denke, et al., S.C. 2542, 2543 and 2544[MS], 359 So.2d 785 (Ala.1978), I respectfully dissent.
TORBERT, C.J., concurs.