359 So.2d 785 (1978)
Anita K. GRANTHAM
v.
Don DENKE and Bobby Hamon.
Henry L. COXSON
v.
Don DENKE and Bobby Hamon.
Robert W. BRANNON
v.
Ray FAULKNER.
SC 2542, SC 2543, SC 2544.
Supreme Court of Alabama.
May 5, 1978.
Rehearing Denied June 9, 1978.
*786 Lanny S. Vines and Lydia M. Quarles of Emond & Vines, Birmingham, for appellants.
E. Ted Taylor, Prattville, amicus curiae.
W. Lee Pittman of London, Yancey, Clark & Allen and Jack J. Hall of McDaniel, Hall, Parsons & Conerly, Birmingham, for appellees.
EMBRY, Justice.
Each of the appellants was injured on the job and each claimed in her or his action for damages that her or his injuries were proximately caused by the negligence of a co-employee. In each case the complaint was dismissed for failure to state a claim upon which relief could be granted because of the provisions of the 1975 amendments to § 312, Tit. 26 (Alabama Workmen's Compensation Law), Code 1940 [Act No. 86, 4th Ex.Sess., § 10, p. 2748, Acts of Alabama, 1975]; now codified as § 25-5-11, Code 1975. The part of that code section here pertinent reads:
"Section 10. Section 312, Title 26, Code of Alabama 1940, as last amended, is hereby amended to read as follows:
"Section 312. Liability of party other than employer and procedure governing.
"Where the injury or death for which compensation is payable under article 2 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer whether or not such party be subject to the provisions of article 2 of this chapter the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter, and at the same time may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to article 2 of this chapter; provided, however, neither an officer, director, agent, servant or employee of the same employer nor his personal representative, nor any workmen's compensation insurance carrier of the employer, nor any officer, director, agent, servant or employee of such carrier, nor any labor union, or an official or representative thereof, making a safety inspection for the benefit of the employer or its employees, shall be considered a party other than the employer against whom such an action may be brought * * *" (emphasis added)
In these appeals the issue is whether Section 13, Constitution of Alabama, 1901:
"That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation shall have a remedy by due process of law; * * *" (emphasis added),
restricts the power of the legislature, by enactment of the 1975 amendments to § 312 (§ 25-5-11, Code 1975), to bar an injured employee's negligence action for damages against her or his co-employee.
Unless limited by the state or federal constitutions, the power of the legislature is plenary (derived from the people, as elected representatives thereof). Alabama State Federation of Labor v. McAdory, 246 *787 Ala. 1, 18 So.2d 810 (1944). The constitution of this state is the supreme law and limits the power of the legislature. Alexander v. State, 274 Ala. 441, 150 So.2d 204 (1963). Since it was clearly the intention of the legislature, by enactment of the code section under examination, to eliminate an injured employee's action against her or his fellow employee, if the injuries were also covered under the Workmen's Compensation Act, the question is clearly presented regarding whether there is any limitation on the power of the legislature to do so imposed by § 13 of our state constitution.
We think that power is thus limited and will hold the immunity of a co-employee from suit by an injured employee unconstitutional.
The question of immunity of co-employees from suit by an injured employee has not heretofore been challenged on the basis of conflict between that immunity and the rights of the injured employee preserved by § 13, Const.1901, after enactment of the Alabama Workmen's Compensation Act.
To permit the Workmen's Compensation Act by means of the 1975 amendments to § 312 to immunize a co-employee from suit by an injured employee would deprive him of rights and remedies he enjoyed under the common law which are preserved under § 13 of our constitution. The Act, adopted in 1919, is a voluntary substitute for the common law, Alabama Employer's Liability Act, and other statutory rights of action for personal injuries against the employer applicable to those who elect to come within its provisions. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937). It is this elective option between employer and employee, the parties being free to accept or reject to operate under and abide by the Act, that reconciles the Act with § 13 of the Constitution. Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879 (1924). The election is made upon the basis of a quid pro quo between employer and employee. Each voluntarily gives up rights guaranteed by § 13 in exchange for benefits or protection under the Workmen's Compensation Act.
The quid pro quo is solely between employer and employee. The employee retains his right to sue third parties, including coemployees. An election by the employee to be bound by the provisions of the Act was an election to "surrender * * * rights to any other method, forms, or amount of compensation or damages" from the employer. Act No. 245, Reg.Sess., § 10, p. 208, Acts of Alabama, 1919. Section 32(1) of the 1919 Act stated the right to sue third parties, although it prohibited the injured employee from suing the co-employee while at the same time receiving compensation benefits from the employer. In 1947 the legislature removed this restriction to allow the injured employee to receive benefits and at the same time sue "any party other than the employer." This court in construing the 1947 amendment to allow suits against co-employees quoted the following: "`To hold a co-employee is not a person other than an employer would be the equivalent of saying an employee is an employer * * *.'" United States Fire Insurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970). Strong support for the logic of this reasoning, if not self evident, is the definition of employer found in the Act:
"* * * The term `employer' as used herein shall mean every person * * * who employs another to perform a service for hire and to whom the `employer' directly pays wages * * *" Tit. 26, § 262, Code 1940; § 25-5-1(4), Code 1975; Downey v. Bituminous Casualty Corp., 349 So.2d 1153 (Ala.1977); 1919 Ala. Acts No. 245, § 36, p. 237.
In response to McCormick the legislature, in 1973, amended § 312 (§ 25-5-11, Code 1975) to provide: "* * * neither an officer, director, agent, servant or employee of the same employer nor his personal representative * * * shall be considered a party other than the employer * * *." In Childers v. Couey, 348 So.2d 1349 (Ala. 1977), the validity of the enactment of this amendment was challenged. This court held that the amendment was enacted by the legislature in a constitutional manner, but we did not address the issue of the *788 constitutionality of the provisions of the amendment. It should be noted that McCormick dealt with the construction of the 1947 amendment to § 312 and no issue was raised, or addressed, regarding whether construing the amendment to permit suits against co-employees was merely declaratory of the common law rights of the injured employee as they existed before its enactment and as preserved by § 13 of our constitution. Section 13 would command the construction given the 1947 amendment; as it commands the invalidity of the 1975 amendments to § 312. To hold that the legislature can include a co-employee's negligent act within the provisions of the Workmen's Compensation Act, thus immunizing the active wrongdoer from suit by the injured employee, would be contrary to the plain language of § 13. It would say that a co-employee is an employer. This we cannot do. See McCormick, supra. Also such a holding would be no deterrent to negligent work performance upon the part of one's fellow worker and thus defeat the desired aim of the law to promote safety on the job.
We find persuasive authority for our decision in these cases in the law of Arizona. Section 6, Article 18 of the Arizona Constitution is essentially the same as § 13 of our constitution. Section 6 provides:
"* * * The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."
Arizona's Workmen's Compensation Act is also elective. Under the mandate of § 6 of their constitution the Arizona Supreme Court held there is no immunity of co-employees from suit because of the Arizona Workmen's Compensation Act. Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970); Halenar v. Superior Court, 109 Ariz. 27, 504 P.2d 928 (1972).
In Kilpatrick, the Arizona court was presented the question of whether the Arizona constitution permitted the legislature to forbid negligence actions of injured employees against their fellow employees. Answering no, that court held an employee had a right of action against a fellow employee for injuries incurred in the course of his employment. The court reasoned:
"There is no room for quibbling. The language of Section 6 is simple, explicit and all-inclusive. It cannot be misunderstood. Without limitation it confers the right to recover damages for injuries as existing under the common law. The rights so protected include not alone the right of action against an employer on his vicarious liability but a right against the actual wrongdoer, the person who committed the negligent act which caused the injury."

There is no distinction in the reason for that court's conclusion based on § 6 of the Arizona Constitution than our conclusion that § 13 of the Alabama Constitution preserves a right of action of the injured employee against her or his co-employee as well as preserving a remedy for enforcement of that right. The right existed at common law against both employer and coemployee. Enactment of the Workmen's Compensation Act may provide an elective substitute for the remedy of enforcement against the employer in governance of the relationship of employer-employee. It may not deprive the injured employee of rights against the co-employee, the actual wrongdoer, for it offers no elective substitute remedy for enforcement of these rights. Nor is there any perceived social evil to be eradicated by legislative exercise of the police power as was the case regarding our motor vehicle guest statute (§ 95, Tit. 36, Code 1940; § 32-1-2, Code 1975).
Shortly after the Arizona court's decision in Kilpatrick, the Arizona legislature amended their Workmen's Compensation Act to provide:
"The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer or any co-employee acting in the scope of his employment * * *" A.R.S. § 23-1022, subsec. A.
*789 In Halenar, supra, the Arizona court was presented the question of the constitutional validity of immunity of co-employees from suit in view of the adoption of the above amendment. It reiterated the basis of its decision in Kilpatrick, and held unconstitutional that part of § 23-1022 which purported to prohibit an employee from suing a co-employee acting in the scope of his employment, saying:
"We concluded that a court could not constitutionally interfere with the common law right of an employee to sue a fellow employee and, of course, the legislature is bound by the same constitutional limitations."
The reasoning of the Arizona Supreme Court in holding the legislative grant of immunity to co-employees to be violative of their constitution is of compelling logic when applying reason and logic to the effect of the language of § 13 of our constitution to the challenged amendments to § 312 of our Act. An injured employee's recovery of workmen's compensation benefits from her or his employer may not abrogate the remedy for recovery of damages for injuries the result of negligence of one other than his employer.
We therefore conclude that § 13, Constitution of Alabama, 1901, limits the power of the legislature to enact the 1975 amendments to § 312, Tit. 26, Code 1940 (§ 25-5-11, Code 1975) which would bar negligence actions for damages by an injured employee against her or his co-employees. Those amendments violate § 13 and cannot have their intended effect.
This being so, the judgments of the trial court dismissing the complaints of appellants for failure to state a claim upon which relief could be granted are accordingly reversed and remanded.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
MADDOX, J., dissents with an opinion with which TORBERT, C. J., concurs.
MADDOX, Justice (dissenting),
The result reached by the majority has an appealthat of making an injured party wholebut in reaching that result, the majority not only has done great violence to the rules which govern how this Court has traditionally interpreted constitutional provisions, but has possibly unwittingly destroyed not only co-employee immunity from suit by a fellow employee, but has also destroyed employee immunity from suit by his subrogated employer and its carrier.

The 1975 Amendments are Constitutional
The principles this Court has traditionally employed in determining the constitutionality of a legislative Act was summarized in Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944):
"* * * Uniformly, the courts recognize that this power [to strike down a legislative act as violative of the constitution] is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. . . .
"Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict *790 with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom. . . ."
I think the 1975 amendment is rationally related to some valid legislative objective. Prior to 1947, Alabama's Workmen's Compensation Statute effectively prevented an employee from suing a negligent fellow worker when the injured employee accepted the statute's benefits. This was accomplished by having the injured employee elect between the compensation offered by his employer or a cause of action against a third party. United States Fire Insurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970); Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275 (1971). When the legislature repealed Title 26, § 311, in 1947, and amended § 312, the legislature removed the election requirement as it concerned co-employees. Thus, Alabama was left to follow the general rule which allows an injured employee to sue a negligent co-employee when there is no express legislative mandate to the contrary. United States Fire Insurance Co. v. McCormick, supra; Frantz v. McBee Co., 77 So.2d 796 (Fla.1955).
The legislature's response to this Court's holding in McCormick is somewhat typical to that made in other jurisdictions. See Annotation 21, A.L.R.3d 845, 864.
Appellants correctly point out that one of the purposes of the compensation statute is to require industry to bear part of the burden of disability and death resulting from the hazards of industry. Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288 (1938). However, contrary to what the appellants argue, this is not the sole purpose for upholding the validity of workmen's compensation acts, in my opinion. This Court quoted from a New York opinion in one of its earliest decisions upholding the Workmen's Compensation Statute as a valid exercise of the state's police power, as follows:
"`It protects both employer and employee, the former from wasteful suits and extravagant verdicts, the latter from the expense, uncertainties, and delays of litigation in all cases, and from the certainty of defeat if unable to establish a case of actionable negligence.'" Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879 (1924).
The majority cites Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937), for the proposition that the Workmen's Compensation Act was a substitute for causes of action for personal injuries against the employer. I do not read Gentry that way. It appears to me that Gentry focuses on the type of injury and how it was caused as opposed to who caused it. There, this Court said:
"It is not a matter of doubt, that the Workmen's Compensation Act, in general, was intended as in the nature of a substitute, between master and servant who elect to come within its provisions, for actions of tortfor personal injuries at common lawand under the state Employer's Liability Act, or other statute giving the employee a right of action. Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879.
"However, in the light of the provisions of Section 13, of the Constitution of 1901, `That all courts shall be open; that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law' it cannot be said that for an injury done a person, not within the provisions of the Workmen's Compensation Act, that it was the legislative intent by the enactment of said law, to deny such person a remedy, if under the common law or the Employer's Liability Act, or other statute he was entitled to maintain an action *791 therefor. So the question to be determined is, Was the plaintiff's injury `a personal injury' caused `by accident arising out of and in the course of his employment?' "(Emphasis added).
In view of the question this Court posed in Gentry, I believe the legislature can constitutionally deal with an employee's "`personal injury' caused `by accident arising out of and in the course of his employment'" But, as Justice Sayre opined in Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879 (1924):
"* * * The following considerations justifying acts of this character under the police power were stated in the Jensen Case, [Jensen v. Southern Pacific Co., 215 N.Y. 514, 109 N.E. 600] supra (we quote the headnote):
"`It protects both employer and employee, the former from wasteful suits and extravagant verdicts, the latter from the expense, uncertainties, and delays of litigation in all cases, and from the certainty of defeat if unable to establish a case of actionable negligence.'
"And if the police power be not sufficient to account satisfactorily for all these stipulations of the act, they may be justified on the ground that they become part and parcel of the express or implied agreement between the parties to abide by the provisions of the act made for the benefit, in the long run, of both employer and employee. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803."
Not only did the plaintiff elect to come under the Workmen's Compensation Act, but he accepted benefits under it. An employer who has the option of avoiding the provisions of the Workmen's Compensation Act, but who accepts it, waives any right to invoke constitutional objections to it. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803 (1921). The same rule of law should apply to an employee.
How can appellants claim they have constitutional rights which they have voluntarily relinquished? In Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879 (1924), this Court held:
"In the next place it is said that the body of the act fails to provide an elective system for that it undertakes to control the rights of employer and employee, even though both elect not to come under its provisions, in the one case by abolishing defenses, in the other by remitting the employee to his commonlaw rights and remedies. But no one has any vested right under the Constitution to the maintenance of common-law doctrines in statutory provisions regulating the relations between employer and employee in respect of rights and liabilities growing out of accidental injuries. Jensen v. Southern Pacific Co., 215 N.Y. 514, 109 N.E. 600, L.R.A.1916A, 403, Ann.Cas. 1916B, 276; Mondou v. N. Y., etc. R.R., 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A., N.S., 44; Jeffrey Mfg. Co. v. Blagg, 235 U.S. 571, 35 S.Ct. 167, 59 L.Ed. 364, is authority for the proposition that an act abolishing rights and defenses, the parties being free to accept or reject, violates no constitutional rights. All such attacks upon laws of this character have failed of their purposes. 1 Hannold, Work Comp. § 18." (Emphasis added).
Unquestionably, Section 13 of our Constitution provides that ". . . every person, for any injury done him . . . shall have a remedy . . ."; but, the plaintiff here had a remedy.
The majority says the quid pro quo runs only between the employer and employee. Assuming that is correct, which I do not, the employer, under the Workmen's Compensation Law is entitled to reimbursement for his compensation outlay. In fact, the effect of this decision will mean, not only that these very plaintiffs may someday be defendants in suits by co-employees, but it also means that "[i]n the event the injured employee or, in case of his death, his dependents do not file a civil action against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action *792 against such other party for damages on account of such injury or death." Code of Alabama, 1975, § 25-5-11(b).
In summary, this plaintiff has been provided a "remedy" for any "personal injury caused by accident arising out of and in the course of his employment." He elected to accept this remedy. The provisions of the Act became "part and parcel of the express agreement between the parties to abide by the provisions of the Act." The Act, as written, protects the employee not only from the expense, uncertainties, and delays of litigation, but also against actions by injured co-employees, or if they fail to sue, against actions by the subrogated employer or its carrier to recover the compensation outlay. I would affirm.
TORBERT, C. J., concurs.