**Robert R. HATHCOCK,**
**Plaintiff-Appellant,**

v.

**COMMERCIAL UNION INSURANCE**
**CO., a corporation, Defendant,**

v.

**Martin K. EBY et al.,**
**Defendants-Appellees.**

**No. 77–3112**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 14, 1978.

Lloyd W. Gathings, Birmingham, Ala., for plaintiff-appellant.

Jack J. Hall, Birmingham, Ala., for defendants-appellees.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

The plaintiff, Robert R. Hathcock, sued Commercial Union Insurance Co., Martin K. Eby, James Douglas Knight, Don Q. Clark, Et Al., claiming damages for injuries which he received while engaged in the performance of his duties as an employee of Eby and Associates of Alabama. Plaintiff's injury was covered by the Alabama Workmen's Compensation Law. This personal injury action (sometimes referred to as a "third party case") was brought against his employer's supervisory employees alleging negligent supervision and negligence in failing to provide him with safety devices and against the defendant insurance company alleging negligence in making safety inspections.

The case was originally filed in state court in Jefferson County, Alabama. It was removed to the United States District Court for the Northern District of Ala-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

bama, Southern Division, because of the diversity of citizenship of the parties. The district court granted summary judgment for defendants Eby, Knight and Clark, based solely on the immunity provision contained in an amendment to Title 26, Section 312, Code of Alabama 1940.[1] That amendment purported to grant immunity to co-employees in tort actions arising out of injuries covered by the Workmen's Compensation Law.

On May 5, 1978, the Supreme Court of Alabama nullified the subject immunity provision, holding in three cases that such provision violated Section 13 of the Constitution of Alabama of 1901. *Grantham v. Denke, Et Al.,* 359 So.2d 785 (S.Ct.Ala., 1978); *Coxson v. Denke, Et Al.,* 359 So.2d 785 (S.Ct.Ala., 1978); and *Brannon v. Faulkner,* 359 So.2d 785 (S.Ct.Ala., 1978).

The decision by the Supreme Court of Alabama is controlling. It follows that the judgment of the district court is due to be reversed and the case remanded.

REVERSED and REMANDED.

---

1. There were actually two separate amendments of like effect. Acts of Alabama, 1973, No. 1062, p. 1750, § 26 and Acts of Alabama, 1975, 4th Ex.Sess., No. 86, § 10, now codified as § 25–5–11, Code of Alabama 1975.

