Richard Walter Jones filed an action against Roger Watkins and Charlie Watkins. The portions of his complaint pertinent here read:
 "1. On or about April 25th, 1975, Plaintiff was employed by Watkins Metal Company of Gadsden, Alabama and was working on a contract at Acipico Pipe and Steel of Birmingham, Alabama.
 "2. That on said date, Plaintiff was severely injured in that his leg was broken and he sustained numerous injuries to all parts of his body.
 "3. That Roger Watkins and Charlie Watkins were the supervisors of said job and as such were responsible and had a duty to provide safe working conditions at said job site.
 "4. That Defendants negligently allowed dangerous conditions to exist at said job site which were the proximate cause of Plaintiffs' injuries."
Although not relevant to a decision we note that Jones' wife Karen was added as a plaintiff by amendment, claiming damages for loss of consortium. *Page 1145 
To the complaint, the Watkinses filed a motion to dismiss the grounds of which are:
 "1. For that said complaint fails to state a cause of action against the Defendants.
 "2. For that it affirmatively appears from the allegations of said complaint, that the Defendants in this cause were fellow employees of the Plaintiff, Richard Walter Jones, as defined in Title 26, Section 312 of the Code of Alabama, and that they are not third-parties against whom an action may be maintained.
 "3. For that it affirmatively appears from the allegations of the complaint, that the Plaintiff cannot maintain this action against the Defendants who were his fellow employees in that said action is prohibited by Title 26, Section 312 of the Code of Alabama.
 "4. This motion is based upon the affidavit of Roger Watkins, which is attached hereto as Exhibit "A", and Charlie Watkins, which is attached hereto as Exhibit "B", and incorporated by reference."
Each Watkins affidavit reads:
 "My name is Roger Watkins [Charles Watkins]. On 25 April, 1975, I was an employee of Watkins Metal Company of Gadsden, Alabama. On said date, Richard Walter Jones was also an employee of Watkins Metal Company of Gadsden, Alabama, and both Richard Walter Jones and Watkins Metal Company of Gadsden, Alabama were subject to the Workmen's Compensation Act of the State of Alabama."
The trial court granted the motion to dismiss, undoubtedly treating it as a motion for summary judgment as permitted by Rule 12 (b)(6), ARCP. Judgment was entered dismissing Jones' action and he appeals.
The trial court dismissed Jones' action before this court announced its decision in Grantham v. Denke, 359 So.2d 785
(Ala. 1978), holding unconstitutional the immunity from suit granted co-employees by, what is now, § 25-5-11, Code 1975.
The Watkinses argue that under Grantham and subsequent decisions of this court:
 "While the majority of the Court holds that the involved section of the code is unconstitutional under Section 13 of the Constitution of Alabama of 1901, it is the contention of the Appellee, that as set forth in the dissenting opinion of Mr. Justice Maddox, that the Workmen's Compensation Act itself, provides the `remedy' which Section 13 of the Constitution requires. In the instant case, as in many cases, the supervisory personnel, are the president and vice president of a corporation, which is owned by them. Accordingly, the Plaintiff in this case gets a double shot, one at the corporation, which is owned by the individuals, and in fact, one and the same as the individuals, and then has another cause of action against them in their individual capacity. * * *"
The "involved" section of the code is that part of § 25-5-11, Code 1975, reading:
 "* * * provided, however, that neither an officer, director, agent, servant or employee of the same employer nor his personal representative nor any workmen's compensation insurance carrier of the employer nor any officer, director, agent, servant or employee of such carrier nor any labor union or any official or representative thereof making a safety inspection for the benefit of the employer or its employees shall be considered a party other than the employer against whom such an action may be brought. * * *"
At the outset, we note there is no evidence0 in the affidavits that the Watkinses are other than co-employees. That being true, we have before us nothing different from the fact situation in Grantham. Thus, there is nothing in this record showing a bar to Jones' action. Under the pleadings and affidavits it is possible Jones might recover in his action.Benson v. Pachetti, 349 So.2d 17 (Ala. 1977). The case must, therefore, be reversed and remanded.
For guidance of the trial courts and litigants we observe that immunity of officers, directors, etc., was not raised inGrantham, *Page 1146 
nor was it addressed. Neither was it properly raised, nor is it addressed here. Even if it be assumed that officers, directors, etc., may be held immune from suit by an injured employee of the corporation without violating Section 13 of the Constitution of Alabama of 1901 there remains the question of whether he, or she, is immune from suit by the injured employee when standing in the shoes of the corporate entity as such. The answer to this question may well turn on the nature of the function or work being performed by the officer or director who may then become a co-employee of the injured employee. MountPleasant Mining Corp. v. Vermeulen, 117 Ind. App. 33,65 N.E.2d 642 (1946). The North Carolina Supreme Court in Jones v.Planters' National Bank Trust Co., 206 N.C. 214, 173 S.E. 595
(1934), held the test to be not the title of the person, but the nature and quality of the act he is performing. Although these cases deal with officers seeking employee status in order to claim workmen's compensation, we find this test one which may be applicable in resolving the question implicit in the arguments, pro and con, on the question of whether one holding a position as corporate officer, director, etc. may be legally immunized by the statute from suit by an injured corporate employee.
An officer may exercise a dual function and enjoy a dual capacity in a corporation. Depending on his, or her, function at the time of injury, he, or she, may not be immune from suit by an injured employee.
Which function the officer is fulfilling is a matter of fact. In small closely held corporations the likelihood of officers or directors acting as employees is greater than that in larger corporations. See In re Raynes, 66 Ind. App. 321, 118 N.E. 387
(1917).
Nevertheless, no evidence concerning the Watkinses' functional role in the corporation at the time of Jones' injury is present in this case. The judgment of the circuit court must, therefore, be reversed and the cases remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER and ALMON, JJ., concur.
TORBERT, C.J., concurs in the result.