370 So.2d 947 (1979)
Rudolph SLAGLE
v.
Luther PARKER et al.
Helen J. HAMRICK et al.
v.
UNITED STATES PIPE & FOUNDRY CO. et al.
Elcer Mae MASON et al.
v.
Randy ADAMS et al.
77-110, 77-218 and 77-499.
Supreme Court of Alabama.
April 6, 1979.
Rehearing Denied May 4, 1979.
*948 Larry S. Vines and Donald G. Beebe, Birmingham, for Rudolph Slagle and Elcer Mae Mason, appellants.
John B. Tally, Jr. and Robert D. Hunter, Birmingham, for appellees.
David D. Wininger, Birmingham, amicus curiae, in behalf of appellants on rehearing.
MADDOX, Justice.
The parties agree that the issues presented in these appeals are:
1. Do the provisions of amendments to the Workmen's Compensation Act which immunize a co-employee against suit for a covered accident apply to wrongful death actions?
2. Does the statute which grants immunity to co-employees violate the equal protection and due process clauses of the Alabama and United States Constitutions?
The facts succinctly stated are:
Dennis Slagle, in the course of his employment with the Reynolds Metals Company, suffered fatal injuries. Slagle was survived by no dependents. Reynolds Metals Company has paid all benefits due under the Workmen's Compensation Act on *949 account of Slagle's death. Defendants Luther Parker, J. F. Newman, Danny Altman, Ed Miller, and Leon Folsom were co-employees of the decedent.
Max Mason, in the course of his employment with the Buchanan Contracting Company, suffered fatal injuries. Buchanan Contracting Company has paid all benefits due under the Alabama Workmen's Compensation Act. It is alleged that the plaintiff, Elcer Mae Mason, was the dependent mother of the decedent. Defendants Randy Adams, A. W. Henson, Billy Alverson and Howard Buchanan were co-employees of the decedent.
Douglas Hamrick, in the course of his employment with United States Pipe & Foundry Company, suffered fatal injuries. United States Pipe & Foundry has paid all benefits due under the Alabama Workmen's Compensation Act. It is alleged that the plaintiff was a dependent of the decedent. Defendants Max Edward, Max Powell, Cecil Colburn, Sam Smith, C. H. Campbell, Howard Roper, Jim Bradfield and Paul Atchison were co-employees of the decedent.
All three deaths occurred after the enactment of the 1973 or 1975 amendments to § 312 of the Alabama Workmen's Act (now Code 1975, § 25-5-11) which immunized employees from suit by their co-employees arising from job-related accidents. These amendments are Act No. 1062, § 26, Acts of Alabama, 1973, and Act No. 86, 4th Ex. Sess., § 10, Acts of Alabama, 1975.
We hold that the legislature could grant immunity to co-employees of a decedent covered by the Workmen's Compensation Act from suit for wrongful death where the death arose out of a job-related accident, and, therefore, we affirm the grant of summary judgment in each case.
Appellants, representatives of the deceaseds, argue that this Court, in Grantham v. Denke, 359 So.2d 785 (1978) and Pipkin v. Southern Electrical and Pipe Fitting Co., Inc., 358 So.2d 1015 (1978), squarely and forthrightly declared these immunity provisions violative of Section 13 of the Alabama Constitution, and that Section 13 makes no distinction between common law and statutory causes of action. In short, they claim Grantham and Pipkin are dispositive of the first issue.
Appellants argue as to the second issue that to hold co-employee immunity still in effect in wrongful death cases when it has been declared void in personal injury cases, would be violative of equal protection provisions of both the Alabama and United States Constitutions. They say there would be no reasonable purpose for such disparate treatment.
Appellants' arguments are persuasive, but to adopt them would be to overturn many prior judicial interpretations which have been rendered on the character and nature of wrongful death actions.
In Alabama, actions for wrongful death are purely statutory. No such action was known at common law. White v. Ward, 157 Ala. 345, 47 So. 166 (1908); Kennedy v. Davis, 171 Ala. 609, 55 So. 104 (1911). Since the right to bring an action for wrongful death is a product of the legislature, it can be modified, limited, or repealed as the legislature sees fit, except as to causes of action which have already accrued. Slagle v. Reynolds Metals Company, 344 So.2d 1216 (Ala.1977); Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939). Thus in the previous appeal of the Slagle case, 344 So.2d 1216, this Court held it constitutionally permissible for the legislature through the Workmen's Compensation Act to deprive a father of his right to sue for the wrongful death of his son under § 6-5-391. There the Court stated:

"The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workmen's Compensation Act, and as it does in many death damages cases in other states, for a strictly limited kind of recovery." 344 So.2d at 1218 [Emphasis in original], citing Patterson v. Sears Roebuck & Co., 196 F.2d 947 (5th Cir. 1952).
The causes of action upon which these three appeals are based all arose after the effective date of the 1973 or 1975 amendments *950 which granted immunity from suits by employees injured in the course of their employment to all employees covered by the Workmen's Compensation Act. None of the plaintiffs had any vested right which was a "property" protected by the Due Process clause. The amendments are not violative of the Due Process clause of the Fourteenth Amendment to the United States Constitution, or of any provision of the Alabama Constitution.
AFFIRMED.
TORBERT, C. J., concurs.
BLOODWORTH, ALMON and SHORES, JJ., concur specially.
FAULKNER, JONES, EMBRY and BEATTY, JJ., dissent.
BLOODWORTH, Justice (concurring specially).
I concur in the opinion for the court authored by Justice Maddox. It is consistent with Grantham v. Denke, 359 So.2d 785 (Ala.1978), which held that co-employee immunity "would deprive [an injured employee] of rights and remedies he enjoyed under the common law which are preserved under § 13 of our constitution." Id. at 787 [Emphasis supplied.] Grantham also stated that the 1947 amendment to the workmen's compensation legislation "was merely declaratory of the common law rights of the injured employee as they existed before its enactment and as preserved by § 13 of our constitution." Id. at 788 [Emphasis supplied.] Because wrongful death actions are purely statutory, the reasoning of Grantham does not apply to the instant cases. I agree with Justice Maddox that what the legislature has given, it may take away so long as the right has not vested.
I also agree with Justice Shores who notes that an anomalous situation now exists"A co-employee can be sued for personal injury, but not for wrongful death." But, anomalies do not dictate results.
ALMON, J., concurs.
SHORES, Justice (concurring specially).
This result is logically sound, but Grantham v. Denke, bottomed as it is on § 13 of the Constitution of 1901, compels it. A curious situation now exists. A co-employee can be sued for personal injury, but not for wrongful death. That result is dictated by Grantham v. Denke, however.
EMBRY, Justice (dissenting):
I respectfully dissent from the opinion of the majority and would agree with my brother Beatty in that part of his dissent wherein he would hold that immunity from suit granted to co-employees under the provisions of Code 1975, § 25-5-11, is a violation of the equal protection clause, Amendment Fourteen to the Constitution of the United States. I would further hold that such immunity violates the equal protection of the laws provisions of the Constitution of Alabama found in Sections 1, 6 and 22. See generally Harrison v. Buckhalt, 364 So.2d 283 (Ala.1978).
I vehemently disagree with the statement in my brother Beatty's dissent that the rationale of the majority in Grantham was erroneous. In my judgment, the rationale is entirely sound and amply supported by reason and the authorities cited in that opinion. In my view, additional support of the rationale in Grantham may be found in the equal protection clause of the Fourteenth Amendment to the United States Constitution and the equal protection of the laws provisions of the Alabama Constitution.
In my bother Beatty's present view, which obviously differs from the belief he entertained when concurring in Grantham, he would approve the right of the Legislature to abolish causes of action. He cites as examples of that right the constitutionality of our motor vehicle guest statute, Code 1975, § 32-1-2, when tested against § 13 of the Alabama Constitution, as well as the abolition of actions for alienation of affections, criminal conversation, seduction of females of 21 years and over, and for breach of promise to marry. That is not inconsistent with the rationale of Grantham.
*951 In each instance, both with regard to the constitutionality of the guest statute, and abolition of the causes of action enumerated, there was the overriding police power consideration to eradicate a perceived social evil. In Grantham, the majority pointed this out regarding the guest statute.
FAULKNER, J., concurs.
BEATTY, Justice (dissenting):
The defendants/appellees have placed in issue the effect of Section 13 of the Alabama Constitution upon actions for wrongful death. But they go further and challenge this Court's construction of Section 13 contained in Grantham v. Denke, 359 So.2d 785 (Ala.1978). A review of that section's history, together with this Court's interpretations of it, has convinced me that our rationale in Grantham was erroneous; that the decision should have been supported by other principles. Because I concurred in the majority opinion in Grantham, I believe it is incumbent upon me to correct what, I am now convinced, was an incorrect basis in law for that decision. And I regret that my brother Embry's disappointment in my attempt to explain my redemption has caused such a vehement response.
In Grantham we held that Section 13 preserved a right of action and preserved a remedy for its enforcement, thus preventing the legislature from abrogating any cause of action which an employee covered under Workmen's Compensation would have against a fellow employee. Our theory was that such a common law "right" could not be so limited because there was no elective substitute remedy, and thus any legislative action to the contrary was effectively prevented. Analogy to a similar Arizona constitutional provision was utilized in reaching that conclusion.
Rather than being dependent upon a similar provision of a sister state, the interpretation of Section 13 reasonably ought to be governed by pertinent decisions of our own Court unless, of course, these in themselves are misconceived. Cf. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978).
As stated in Swann & Billups v. Kidd, 79 Ala. 431, 432 (1885) (construing the precursor of Section 13 contained in the Alabama Constitution of 1875):
This clause is known to have been taken in substance from Magna Charta; and history shows that its chief purpose was to assail the existing evil of anciently holding courts in clandestine sessions, and of paying fines to the king and his officers, for delaying or expediting lawsuits, and for obtaining justice.
See also State v. Bush, 12 Ala.App. 309, 312, 68 So. 492 (1915).
Further explanation was made by this Court in Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939), a case in which the "guest statute" was challenged because its adoption had eliminated a cause of action in negligence against an automobile operator, a cause of action which had existed at common law. Writing directly to the meaning of Section 13 our Court stated at 545, 192 So. at 263-264:
It will be noticed that this provision preserved the right to a remedy for an injury. That means that when a duty has been breached producing a legal claim for damages, such claimant cannot be denied the benefit of his claim for the absence of a remedy. But this provision does not undertake to preserve existing duties against legislative change made before the breach occurs. There can be no legal claim for damages to the person or property of any one except as it follows from the breach of a legal duty.
. . . . .
Undoubtedly the right to the remedy must remain and cannot be curtailed after the injury has occurred and right of action vested, regardless of the source of the duty which was breached, provided it remained in existence when the breach occurred. . . . This includes such items of damages as were legally subject to recovery at the time of the breach. . . .
. . .
But section 13, supra, does not in language, nor intent, prevent the legislature *952 from changing a rule of duty to apply to transactions which may occur thereafter. If there exists any such prohibition it must be found elsewhere in the Constitution.
Thereafter the Court explored other aspects of constitutional law relevant to the change of law in question, but those later considerations did not modify its view of Section 13. My brother Embry's continuing analysis of his opinion in Grantham simply fails to appreciate the prior decisions of this Court interpreting that constitutional section. Pickett v. Matthews, supra.
The views contained in Pickett are consistent with other changes. Young v. Young, 236 Ala. 627, 184 So. 187 (1938) discusses with approval the legislature's abolishing actions for alienation of affections, criminal conversation, seduction of females of 21 years and over, and for breach of promise to marry. Accord (as to alienation of affections and criminal conversation), Henley v. Rockett, 243 Ala. 172, 8 So.2d 852 (1942).
Nevertheless, I believe that the immunity from suit granted by the provision in question to the class of "co-employees" is a violation of the equal protection clause, Amendment Fourteen, United States Constitution. This result follows when the classification is measured against the test set forth in F. S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561-562, 64 L.Ed. 989 (1920):
[t]he classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation . . . .
Admittedly the Workmen's Compensation statutes were and are sui generis, creating new rights and remedies based upon a conception of compensation independent of existing theories of the common law, Pound v. Gaulding, 237 Ala. 387, 187 So. 468 (1939), and intended to operate between master and servant as a substitute for other theories of recovery for personal injuries. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937). However, while there may have been indirect or unsubstantial objects in their enactment, their primary purpose was to require industry to "bear part of the burden of disability and death, resulting from the hazards of industry." Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288 (1938). That being their main object, and given their beneficent character, Cf. Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), I fail to discern any purpose in the overall object of the legislation to limit the employee's recourse beyond the industry-master-employer relationship. So much of the classification in question which grants immunity to certain co-employees is therefore not consonant with and thus bears no "fair and substantial relation" to the "object of the legislation."
This conclusion also leads me to believe that the classification established is an arbitrary one, for if the purpose of the legislation is to make industry bear part of the losses which are due to industrial accidents, why is it necessary to prohibit suits against co-employees who may also be responsible, as other citizens are by law permitted to do? Cf. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978); Norris v. Seibels, 353 So.2d 1165 (Ala.1977). In my view, therefore, to deny the covered employee or his survivor the opportunity to pursue a tortfeasor under these circumstances results in an arbitrary classification equating a denial of equal protection. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
JONES, J., concurs.