The defendants/appellees have placed in issue the effect of Section 13 of the Alabama Constitution upon actions for wrongful death. But they go further and challenge this Court's construction of Section 13 contained in Grantham v. Denke,359 So.2d 785 (Ala. 1978). A review of that section's history, together with this Court's interpretations of it, has convinced me that our rationale in Grantham was erroneous; that the decision should have been supported by other principles. Because I concurred in the majority opinion in Grantham, I believe it is incumbent upon me to correct what, I am now convinced, was an incorrect basis in law for that decision. And I regret that my brother Embry's disappointment in my attempt to explain my redemption has caused such a vehement response.
In Grantham we held that Section 13 preserved a right of action and preserved a remedy for its enforcement, thus preventing the legislature from abrogating any cause of action which an employee covered under Workmen's Compensation would have against a fellow employee. Our theory was that such a common law "right" could not be so limited because there was no elective substitute remedy, and thus any legislative action to the contrary was effectively prevented. Analogy to a similar Arizona constitutional provision was utilized in reaching that conclusion.
Rather than being dependent upon a similar provision of a sister state, the interpretation of Section 13 reasonably ought to be governed by pertinent decisions of our own Court unless, of course, these in themselves are misconceived. Cf. Peddycoartv. City of Birmingham, 354 So.2d 808 (Ala. 1978).
As stated in Swann Billups v. Kidd, 79 Ala. 431, 432 (1885) (construing the precursor of Section 13 contained in the Alabama Constitution of 1875):
 This clause is known to have been taken in substance from Magna Charta; and history shows that its chief purpose was to assail the existing evil of anciently holding courts in clandestine sessions, and of paying fines to the king and his officers, for delaying or expediting lawsuits, and for obtaining justice.
See also State v. Bush, 12 Ala. App. 309, 312, 68 So. 492
(1915).
Further explanation was made by this Court in Pickett v.Matthews, 238 Ala. 542, 192 So. 261 (1939), a case in which the "guest statute" was challenged because its adoption had eliminated a cause of action in negligence against an automobile operator, a cause of action which had existed at common law. Writing directly to the meaning of Section 13 our Court stated at 545, 192 So. at 263-264:
 It will be noticed that this provision preserved the right to a remedy for an injury. That means that when a duty has been breached producing a legal claim for damages, such claimant cannot be denied the benefit of his claim for the absence of a remedy. But this provision does not undertake to preserve existing duties against legislative change made before the breach occurs. There can be no legal claim for damages to the person or property of any one except as it follows from the breach of a legal duty.
. . . . .
 Undoubtedly the right to the remedy must remain and cannot be curtailed after the injury has occurred and right of action vested, regardless of the source of the duty which was breached, provided it remained in existence when the breach occurred. . . . This includes such items of damages as were legally subject to recovery at the time of the breach. . . .
 But section 13, supra, does not in language, nor intent, prevent the legislature *Page 952 
from changing a rule of duty to apply to transactions which may occur thereafter. If there exists any such prohibition it must be found elsewhere in the Constitution.
Thereafter the Court explored other aspects of constitutional law relevant to the change of law in question, but those later considerations did not modify its view of Section 13. My brother Embry's continuing analysis of his opinion in Grantham
simply fails to appreciate the prior decisions of this Court interpreting that constitutional section. Pickett v. Matthews,supra.
The views contained in Pickett are consistent with other changes. Young v. Young, 236 Ala. 627, 184 So. 187 (1938) discusses with approval the legislature's abolishing actions for alienation of affections, criminal conversation, seduction of females of 21 years and over, and for breach of promise to marry. Accord (as to alienation of affections and criminal conversation), Henley v. Rockett, 243 Ala. 172, 8 So.2d 852
(1942).
Nevertheless, I believe that the immunity from suit granted by the provision in question to the class of "co-employees" is a violation of the equal protection clause, Amendment Fourteen, United States Constitution. This result follows when the classification is measured against the test set forth in F.S.Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560,561-562, 64 L.Ed. 989 (1920):
 [t]he classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. . . .
Admittedly the Workmen's Compensation statutes were and are sui generis, creating new rights and remedies based upon a conception of compensation independent of existing theories of the common law, Pound v. Gaulding, 237 Ala. 387, 187 So. 468
(1939), and intended to operate between master and servant as a substitute for other theories of recovery for personal injuries. Gentry v. Swann Chemical Co., 234 Ala. 313,174 So. 530 (1937). However, while there may have been indirect or unsubstantial objects in their enactment, their primary purpose was to require industry to "bear part of the burden of disability and death, resulting from the hazards of industry."Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288
(1938). That being their main object, and given their beneficent character, cf. Bell v. Driskill, 282 Ala. 640,213 So.2d 806 (1968), I fail to discern any purpose in the overall object of the legislation to limit the employee's recourse beyond the industry-master-employer relationship. So much of the classification in question which grants immunity to certain co-employees is therefore not consonant with and thus bears no "fair and substantial relation" to the "object of the legislation."
This conclusion also leads me to believe that the classification established is an arbitrary one, for if the purpose of the legislation is to make industry bear part of the losses which are due to industrial accidents, why is it necessary to prohibit suits against co-employees who may also be responsible, as other citizens are by law permitted to do?Cf. Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala. 1978); Norris v. Seibels, 353 So.2d 1165 (Ala. 1977). In my view, therefore, to deny the covered employee or his survivor the opportunity to pursue a tortfeasor under these circumstances results in an arbitrary classification equating a denial of equal protection. McGowan v. Maryland, 366 U.S. 420,81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).
JONES, J., concurs. *Page 953