In Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68
(1975), when a majority of this Court abolished municipal immunity, the majority said:
 "In deciding, as we do, that municipal immunity for tort is abolished in this state after the date of this opinion, we recognize the authority of the legislature to enter the entire field, and further recognize its superior position to provide with proper legislation any limitations or protections it deems necessary in addition to those already provided in Title 37, §§ 503 and 504, and in Title 37, § 476, Code [of 1940]."
294 Ala. at 600, 320 So.2d at 75.[9] (Emphasis supplied.)
The act being challenged was adopted by the Legislature after the opinion in Jackson was released. In view of that strong statement about legislative power, there should be no question about the Legislature's power to put a cap on damages in actions against municipalities. Consequently, I concur with the portion of the majority opinion upholding the constitutionality of the statute that puts a cap on damages in actions against municipalities, and I write specially only to address statements in the opinion that seem to suggest that legislative power to limit the recovery of damages, whether compensatory or punitive, might be limited to actions against governmental entities,[10] and to state again, as I have on other occasions,[11]
what I believe is the role of this Court when faced with a constitutional challenge to a legislative enactment.
The majority's statements about the difference between governmental entities and individuals or private corporations seem to suggest that the Legislature, because of the provisions of §§ 11 and 13 of the Constitution, might be prohibited from regulating the recovery of damages in civil actions against individuals and private corporations. I clearly do not believe that either § 11 or § 13 prohibits legislative action, if there is a valid *Page 1356 
legislative purpose to support the legislation, of course. For example, in Gentry v. Swann Chemical Co., 234 Ala. 313,174 So. 530 (1937), an employer challenged the original worker's compensation law on the ground that the legislature could not require an employer to pay damages for an injury without proving fault on the employer's part. This Court, finding a sufficient quid pro quo for the exercise of legislative power, upheld the legislative alteration of the common law. In Pickettv. Matthews, 238 Ala. 542, 192 So. 261 (1939), this Court held that the Legislature could adopt the so-called "guest statute" and by it immunize certain persons from a lawsuit. In Reed v.Brunson, 527 So.2d 102 (Ala. 1988), this Court upheld a legislative act that immunized co-employees from suit in certain factual settings. I realize, of course, that during the past 20 years more and more challenges have been made to legislative power on the ground that legislative enactments violate either § 11 or § 13 of the Alabama Constitution, and this Court, unfortunately, has found that such violations have occurred. I believe that those cases failing to recognize legislative power were incorrectly decided, and I have spelled out my reasons in dissenting opinions. See footnote 3.
The result reached in this case is consistent with that strong statement of legislative power in Jackson v. City ofFlorence, where this Court specifically "recognize[d] the authority of the legislature to enter the entire field [of municipal tort immunity], and further recognize[d] [the Legislature's] superior position to provide with proper legislation any limitations or protections it deems necessary in addition to those already provided [by law]"; consequently, I agree with the result, but because the opinion contains statements that seem to suggest that when this Court is faced with a similar challenge in a case involving a nongovernmental defendant, the result will probably be different, I wanted to state why I think the Legislature's power to enact the statute at issue here does not rest upon such a slender reed as who the defendant might be, but rests upon a much more substantial and lasting base — the plenary power of the Legislature.
[9] The opinion in Jackson was written by Justice Shores, with whom Justices Faulkner, Jones, Almon, and Embry, concurred; Chief Justice Heflin dissented, without opinion; Justice Merrill dissented, with an opinion in which Justice Maddox concurred.
[10] The majority states that the result reached is based, at least in part, upon "the unique status of counties and cities as governmental entities," and upon the fact that "[t]he delegates [to the 1901 Constitutional Convention] viewed actions againstmunicipal corporations as being different from actions againstprivate corporations or individuals." Opinion at 1354. (Emphasis added.)
[11] See, Moore v. Mobile Infirmary Ass'n, 592 So.2d 156 (Ala. 1991) (Maddox, J., dissenting); Fireman's Fund American Insurance Co.v. Coleman, 394 So.2d 334 (Ala. 1980) (Beatty, J., dissenting, and joined by Maddox, J.); and Grantham v. Denke, 359 So.2d 785
(Ala. 1978) (Maddox, J., dissenting).