639 So.2d 501 (1994)
Robert Aaron BOZEMAN
v.
Michelle Hubbard BUSBY.
1920681.
Supreme Court of Alabama.
February 11, 1994.
Rehearing Denied April 8, 1994.
Mark R. Ulmer of Drinkard, Ulmer & Hicks, Mobile, for appellant.
Edward P. Turner, Jr. and E. Tatum Turner of Turner, Onderdonk, Kimbrough & Howell, P.A., Chatom, for appellee.
Deborah Alley Smith and Rhonda Pitts Chambers of Rives & Peterson, Birmingham, for amicus curiae Alabama Defense Lawyers Ass'n.
PER CURIAM.
This appeal challenges the constitutionality of Ala.Code 1975, § 6-11-23, to the extent that it provides for additur in regard to punitive damages awards.
Michelle Hubbard Busby was injured when a vehicle operated by Robert Aaron Bozeman swerved into her lane and collided with her vehicle. Bozeman was arrested at the scene of the accident for driving under the influence of alcohol; his blood alcohol level, when taken about an hour later, registered .201%.
Busby sued Bozeman, alleging that he had negligently or wantonly operated his motor vehicle and had thereby caused Busby's injuries. The jury awarded Busby $10,000 in compensatory damages and $5,000 in punitive damages. Busby moved for a new trial or additur; the trial court denied a new trial, conditioning the denial upon Bozeman's accepting a $45,000 additur to the punitive damages award. Bozeman rejected the additur and the trial court granted Busby a new trial. Bozeman appeals.
The trial court based its additur on Ala. Code 1975, § 6-11-23, which provides:
"(a) No presumption of correctness shall apply as to the amount of punitive damages awarded by the trier of the fact.
"(b) In all cases wherein a verdict for punitive damages is awarded, the trial court shall, upon motion of any party, either conduct hearings or receive additional evidence, or both, concerning the amount of punitive damages. Any relevant evidence, including but not limited to the economic impact of the verdict on the defendant or the plaintiff, the amount of compensatory damages awarded, whether or not the defendant has been guilty of the same or similar acts in the past, the nature and the extent of any effort the defendant made to remedy the wrong and the opportunity or lack of opportunity the plaintiff gave the defendant to remedy the wrong complained of shall be admissible; however, such information shall not be subject to discovery, unless otherwise discoverable, until after a verdict for punitive damages has been rendered. After such post verdict hearing the trial court shall independently *502 (without any presumption that the award of punitive damages is correct) reassess the nature, extent, and economic impact of such an award of punitive damages, and reduce or increase the award if appropriate in light of all the evidence."
(Emphasis added.)
Bozeman argues that by authorizing the trial court to override a jury verdict and impose an additur, § 6-11-23(b) violates his right to a jury trial as guaranteed by Art. 1, § 11, Constitution of Alabama 1901. We agree.
In Armstrong v. Roger's Outdoor Sports, Inc., 581 So.2d 414 (Ala.1991), this Court struck down the "no presumption of correctness" provisions of § 6-11-23 as violating the separation of powers doctrine. In his special concurrence, Justice Kennedy expressed the opinion that those provisions also violate § 11 of the Alabama Constitution because they authorize the trial court to "disregard the verdict and to reassess the award of damages regardless of the propriety of the verdict." Armstrong, 581 So.2d at 422 (Kennedy, J., concurring specially).
In Henderson v. Alabama Power Co., 627 So.2d 878, 893 (Ala.1993), this Court, relying on the jury's "historic, constitutionally preserved function" of awarding punitive damages, struck down the $250,000 cap on punitive damages contained in § 6-11-21, holding it to be an infringement of the right to a jury trial. "Such damages have long been imposed by the jury according to its sound discretion and according to its findings as to the degree of the wrong and the amount of damages necessary and appropriate as punishment." Id.
In Fuller v. Preferred Risk Life Ins. Co., 577 So.2d 878, 884-85 (Ala.1991), the Court stated:
"[I]f the [party moving for a new trial or for a judgment notwithstanding the verdict] alleges that the verdict exceeds an amount necessary to accomplish the purpose for which punitive damages are allowed in the first instance and excessively punishes him beyond the limits allowed by due process, he is entitled to a hearing on this ground.
"A jury, in reaching an amount to be returned in a punitive damages case, must necessarily focus on the defendant, because the plaintiff's loss is not to be compensated by a punitive damages award. The jury must determine the amount it considers necessary to vindicate the public interest by eliminating the reprehensible conduct of the defendant and to punish the defendant appropriately. See Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989) (factor # 1, at 223).
"A trial judge, in reviewing a punitive damages award by a jury, must likewise consider the effect of the verdict on the defendant's financial condition and determine whether the amount of the verdict is so great that it amounts to a deprivation of the defendant's property without due process of law. In addition to this historical role, which the judiciary has played since ancient times and which is embodied in our constitution by its adoption of the common law, § 13 of Ala.Constitution 1901 empowers the trial court to conduct, and compels[,] judicial review of a punitive damages award once a defendant challenges the verdict on the ground that it deprives him of his property in contravention of the constitution. As we have stated so many times, the punitive verdict should be enough to punish the defendant and vindicate the public's right to be free of the kind of conduct of which the jury has found the defendant guilty, but the amount should not be so much as would financially destroy him. A defendant has the right to a judicial determination and the courts have the responsibility to determine whether a jury verdict awarding punitive damages deprives the defendant of his property in violation of the due process protections that § 13 of the constitution guarantees him. In Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), we attempted to set forth some of the factors that the trial courts could consider in passing on the claim that a jury verdict was excessive.... Section 13 protects the rights of all, and while a trial by jury is guaranteed by § 11 of our constitution, § 13 ensures that no person may be deprived of his property without due process *503 of law.... The focus of the post-verdict hearing required by Hammond, supra, and Green Oil Co., supra, is to determine whether the verdict is so large that it goes beyond an amount necessary to vindicate the public and to punish the defendant. If it does, it violates the defendant's right[s] guaranteed and protected by § 13. If the trial court determines that it does, the defendant is entitled to have the verdict reduced. If the trial court determines that the verdict is not so large as to violate the defendant's rights under the constitution, it must enter judgment on the verdict as returned by the jury."
(Emphasis added.)
As explained in Fuller, the defendant has a right, under § 13 of the Alabama Constitution of 1901, not to be deprived of property without due process of law. The constitutional right to due process therefore acts as a counterbalance to § 11's guarantee of the right to trial by jury and justifies remittitur in appropriate cases. No such counterbalancing principle justifies an increase in the amount of the jury's punitive damages verdict. The award of punitive damages is grounded in the right to trial by jury, and the right to trial by jury obviously cannot serve as a basis for interfering with the jury's verdict. When the jury has spoken as "the conscience of the community," Henderson, 627 So.2d at 894, and has awarded a certain amount of punitive damages, there is no constitutional ground for increasing its award. By permitting the trial court to impose an additur of punitive damages, § 6-11-23 violates § 11 of the Alabama Constitution, because it undercuts the "traditional function of the jury" as "an institution of the body politic" to award the necessary and appropriate amount of punitive damages. Henderson, 627 So.2d at 894.
That portion of Ala.Code 1975, § 6-11-23(b), that purports to allow the trial court to increase the amount of a jury's award of punitive damages is unconstitutional. The trial court's grant of a new trial based on Bozeman's refusal of an additur is reversed, and the cause is remanded for entry of a judgment based on the jury's award of $10,000 in compensatory damages and $5,000 in punitive damages.
REVERSED AND REMANDED.
ALMON, SHORES, KENNEDY, INGRAM and COOK, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
My view of the role of this Court when reviewing legislation that is alleged to violate the Alabama Constitution is adequately stated in several dissenting opinions that I have written or concurred in over the last few years. See, Henderson v. Alabama Power Co., 627 So.2d 878 (Ala.1993) (Maddox, J., dissenting); Moore v. Mobile Infirmary Ass'n, 592 So.2d 156, 178-83 (Ala.1991) (Maddox, J., dissenting); Clark v. Container Corp. of America, 589 So.2d 184, 201-02 (Ala.1991) (Maddox, J., dissenting); Armstrong v. Roger's Outdoor Sports, Inc., 581 So.2d 414, 423-27 (Ala.1991) (Maddox, J., dissenting); see also Industrial Chemical & Fiberglass Corp. v. Chandler, 547 So.2d 812, 824-29, 833-34 (Ala.1988) (Maddox, J., concurring in part; dissenting in part); Fireman's Fund American Insurance Co. v. Coleman, 394 So.2d 334, 355-58 (Ala.1981) (Beatty, J., dissenting, joined by Maddox, J.); Grantham v. Denke, 359 So.2d 785, 789-92 (Ala.1978) (Maddox, J., dissenting); Bagby Elevator & Electric Co. v. McBride, 292 Ala. 191, 200-08, 291 So.2d 306 (1974) (Maddox, J., dissenting).
Applying the principles of law stated in those dissenting opinions to the facts of this case, I conclude that the Legislature has the plenary power to address the imposition of a penalty for wrongful conduct, whether that wrongful conduct occurs in a civil context or in a criminal context. In fact, in the criminal area, the ultimate power to impose a penalty has been removed completely from the jury and granted to the trial judge, even in capital cases.
HOUSTON, Justice (dissenting).
Having read the Alabama Constitution of 1901 several times and having read the Official Proceedings of the Constitutional Convention *504 of 1901 at least once, I find nothing in the plain words of the Constitution or in the comments of the delegates to the Convention as to the intended meaning of the constitutional provisions, that would prevent the legislative department from permitting an additur of punitive damages.
Any thought that the legislature's permitting such an additur would violate §§ 42 and 43 of the Constitution (separation of powers) is dispelled by the last sentence of § 6.11 of Amendment 328 to the Constitution: "These rules [rules governing the administration of all courts and rules governing practice and procedure in all courts] may be changed by a general act of statewide application." Alabama Code 1975, § 6-11-23(b), was part of a general act of statewide application.
The legislature's right to authorize an additur is not as compelling as the legislature's right to remit all punitive damages over $250,000 in certain types of cases. A constitutional provision expressly authorizes the legislature to remit fines and penalties. Section 104(28), Constitution. Henderson v. Alabama Power Co., 627 So.2d 878 (Ala.1993) (Houston, J., dissenting). There is no corresponding provision that permits the legislature to increase fines and penalties. However, the plenary power of the legislature is broad enough to empower it to allow an additur of punitive damages. I am an unreconstructed believer that § 11 of the Constitution does not impinge on the legislative department's power to legislate concerning damages that may be awarded in civil actions. Henderson v. Alabama Power Co., supra (Houston, J., dissenting); Armstrong v. Roger's Outdoor Sports, Inc., 581 So.2d 414, 427-35 (Ala.1991) (Houston, J., dissenting).